# 96 DTA 143

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAGUAS/HUMACAO/GUAYAMA
## PANEL I

EL PUEBLO DE PUERTO RICO
EN INTERES DEL MENOR H.L.L.Z.
Recurrente

Núm. KLCE-96-00626

San Juan, Puerto Rico, a 22 de septiembre de 1996

Amadeo Murga, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Concluimos que la determinación del Tribunal de menores de que procedía la renuncia de jurisdicción sobre el menor H.L.L.Z., a quien se le imputó entre otras faltas un asesinato en primer grado, está sostenida por la preponderancia de prueba presentada por lo que procede confirmar tal determinación.

### I
### Trasfondo

El Procurador de Menores presentó varias querellas contra el menor H.L.L.Z. por las faltas de asesinato en primer grado (asesinato estatutario), robo y por infringir los Artículos 6, 6A y 8 de la Ley de Armas. El día 16 de febrero de 1996, el Procurador solicitó la renuncia de jurisdicción del Tribunal de Menores sobre el menor H.L.L.Z.

La vista fue señalada para el día 25 de marzo de 1996. Ese día, la defensa solicitó la suspensión de los procedimientos para así poder conseguir peritos que evaluasen al menor. Esta solicitud se declaró

sin lugar en cuanto a la suspensión de la vista. Se le concedió a la defensa un plazo hasta el 20 de abril, para que sus peritos evaluasen al menor y así pudiesen presentar el testimonio de éstos y sus informes. Sin embargo, la defensa, el 19 de abril de 1996, informó que a pesar de haberse comprometido con el tribunal a que diez (10) días antes de la vista iba a someter el nombre del perito psiquiatra que iba a utilizar y que cinco (5) días antes de la vista iba a someter el informe, no había podido conseguir ningún perito. Solicitó que la Clínica de Diagnóstico de la Administración del Tribunal hiciera la evaluación psiquiátrica. El tribunal de instancia declaró sin lugar esta solicitud.

El 29 de abril de 1996, la defensa del querellado solicitó que la Sra. Maribel García Cotto, Trabajadora Social del Tribunal, estuviese presente en la vista. También, solicitó la citación de dos testigos, Javier Reyes Ayala y Michael Mendoza Alvarez con el propósito de impugnar el informe de la trabajadora social, Sra. Alicia Cruz Ayala. El Procurador de Menores se opuso a ambas mociones. Estas fueron declaradas, también, sin lugar por el tribunal de instancia.

En la vista de renuncia de jurisdicción celebrada el 25 de marzo testificó, por parte del Procurador de Menores, el Dr. Rafael Cabrera, psiquiatra, quien recomendó la renuncia de jurisdicción. ■ El día 30 de abril, testificó la trabajadora social, Sra. Alicia Cruz Ayala quien, también, recomendó la renuncia de jurisdicción. ■

Ese mismo día, el menor solicitó que le permitiesen testificar al Sr. Miguel Ortega, patrono del menor, y a Jackeline Rodríguez, compañera del menor. Estos testificaron el día 16 de mayo de 1996.

El tribunal, también, tomó conocimiento, para determinar la naturaleza de las faltas, de las alegaciones de las querellas, y admitió en evidencia los testimonios, los informes de los peritos y el expediente del menor. El Tribunal, además, tomó en consideración los testimonios de los doctores Hilario de la Iglesia, psicólogo clínico, quien no recomendó la renuncia de jurisdicción, y Jaime Acevedo Maldonado, psiquiatra de la Clínica de Diagnóstico del Tribunal.

El 30 de mayo de 1996, luego de haber tomado en consideración los testimonios y la evidencia presentada, el tribunal de instancia, mediante resolución, renunció a la jurisdicción sobre H.L.L.Z. y ordenó el traslado del caso. En dicha resolución, éste indicó que había determinado la renuncia de jurisdicción ya que:

*"1) los hechos alegados en la querella sobre los cuales se determinó existencia de causa probable denotan acciones de resultados graves, de riesgos tanto para el menor Héctor L. López Zayas, como para la comunidad.*

*2) el menor Héctor L. López Zayas está en contacto con la realidad y puede evaluar las consecuencias de sus actos. El menor tiene un patrón de conducta antisocial.*

*4) el menor hace vida de adulto y nadie ejerce control.*

*5) se puede razonablemente esperar del menor actos idénticos o similares a los que se le imputan al presente.*

*6) no existe una institución dentro del sistema de justicia juvenil que garantice y provea la atención y servicios que el menor requiere."*

El día 25 de junio de 1996, el menor recurrente presentó petición de *Certiorari*. En ella señala que erró el tribunal de instancia: A) al no permitir que el menor fuese evaluado por un psicólogo, un psiquiatra y un trabajador social del tribunal para la vista de renuncia de jurisdicción; B) al no permitir que se ofreciera en evidencia el informe de la Trabajadora Social del Tribunal, Sra. Maribel García Cotto, y al no permitir que ésta declarase en la vista; C) al no permitir a la defensa traer como testigo al Sr. Javier Reyes Ayala, supuesto coautor de los hechos; D) al aceptar en evidencia el informe del psiquiatra del Departamento de Justicia, Dr. Rafael Cabrera Aguilar, quien basó su informe en el de la Trabajadora Social del Departamento de Justicia el cual, según alega la defensa, está lleno de falsedades; E) al aceptar dicho informe en evidencia; F) al solicitarle a la Trabajadora Social del Departamento de Justicia un informe complementario; G) al no tomar en consideración el informe del

psicólogo del tribunal quien recomendó la renuncia de jurisdicción y al renunciar a la jurisdicción del menor.

## II
### La Jurisdicción de este Tribunal

El artículo 2 de la Ley de Menores ■ señala que esta ley fue aprobada para cumplir con los siguientes propósitos:

(a) proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; (b) proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se le exige responsabilidad por sus actos; (c) garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales.

La Ley de Menores ■ establece en su artículo 36 ■ que las órdenes o resoluciones finales dictadas por un juez en relación con cualquier menor podrán ser apeladas ante el Tribunal Supremo de Puerto Rico. Esta ley fue, sin embargo, modificada por la Ley de la Judicatura de Puerto Rico de 1994 por lo que ahora el Tribunal de Circuito de Apelaciones es el Tribunal con competencia para revisar mediante apelación las resoluciones finales del Tribunal de Menores. ■

En el caso de autos, el Tribunal de Menores dictó una resolución mediante la cual éste renunciaba a la jurisdicción que tenía sobre el menor H.L.L.Z. Debemos recordar, que el Tribunal Supremo de Puerto Rico en *Pueblo ex rel. R.S.R.*, 121 D.P.R. 293, 299 (1988) estableció, que el recurso adecuado para revisar las resoluciones del Tribunal de Menores mediante las cuales este renunciaba a la jurisdicción que tenía sobre el menor era la apelación. Este se apoyó en el fundamento de que las resoluciones que emiten los jueces en los casos de renuncia de jurisdicción del Tribunal de Menores le ponen fin a los procedimientos ante dicho tribunal, por lo que se pueden considerar como si fuesen sentencias. ■

Por lo tanto, debemos considerar el caso de autos como una apelación y no como un *Certiorari* la cual deberá ser revisada por el Tribunal de Circuito de Apelaciones. Sin embargo, debemos determinar si ésta fue presentada ante este tribunal dentro del término jurisdiccional.

El Reglamento del Tribunal de Circuito de Apelaciones que fuera aprobado por el Tribunal Supremo de Puerto Rico el 3 de febrero de 1995 establecía en su Art. 14 A que las apelaciones se tramitarían ante el Tribunal de Circuito de Apelaciones conforme a los términos establecidos por las reglas de Procedimiento Civil o de Procedimiento Criminal. Como este reglamento no establecía cuál iba a ser el término para apelar las resoluciones finales del Tribunal de Menores, se consideró que seguía vigente el término de veinte días dispuesto en la Regla 9.1 de las de Menores. ■

Sin embargo, el 1ro. de mayo de 1996 entró en vigor el nuevo Reglamento del Tribunal de Circuito de Apelaciones. Este dispone que el término para presentar apelaciones en casos civiles y criminales es de treinta días. ■ Los procedimientos de menores no se consideran de naturaleza civil ni criminal, es decir que tienen una naturaleza *sui generis*. El Tribunal Supremo de Puerto Rico ha expresado, sin embargo, que dichos procedimientos han adquirido *"matices de naturaleza punitiva que van más allá del enfoque meramente rehabilitador y paternalista de la antigua ley"*. ■ Por otro lado, debemos señalar que la Ley Núm. 88 de 27 de julio de 1996, con el propósito de atemperar las Reglas de Menores a la reforma judicial de 1994, enmendó la Regla 9.1 de las de Menores estableciendo el término de treinta días siguientes a la fecha en que se dictó resolución en el caso, para presentar el escrito de apelación ante el Tribunal de Circuito de Apelaciones. Por lo que, tomando en cuenta la naturaleza punitiva de la Ley de Menores, los propósitos de la reforma judicial de 1994 y la intención del legislador expresada en la Ley 88 del 27 de julio de 1996 de que también se aplique el término de treinta días para las apelaciones en los casos de menores cuando se recurre de una resolución final, resolvemos que el término de treinta días para apelar, que establece el Reglamento del Tribunal de Circuito de Apelaciones tanto en casos civiles como criminales, era aplicable al recurso de apelación presentado el 25 de junio de 1996 y no el término de veinte días que establecía la Regla 9.1 de las de menores. ■

517

En el caso de autos, la resolución del Tribunal de Menores fue dictada el 30 de mayo de 1996, el día 25 de junio la parte apelante presentó su recurso ante nos. Por lo que debemos concluir que al haberse presentado el recurso dentro de los treinta días que dispone el Reglamento del Tribunal de Circuito de Apelaciones para presentar una apelación tenemos jurisdicción para revisar el presente recurso.

### La renuncia de Jurisdicción del Tribunal de Menores

A la fecha de los hechos por los cuales el menor H.L.L.Z. que está siendo procesado, este tenía 17 años de edad. Una de las varias querellas presentadas contra el menor le imputó a éste un asesinato en primer grado.

El Artículo 15 de la Ley 88 del 9 de julio de 1986 ▮▮▮ impone la obligación al Procurador de Menores de solicitar del Tribunal de Menores la renuncia de su jurisdicción en los casos en que un menor mayor de 14 años se le impute hechos constitutivos de asesinato *"en la modalidad que está bajo la autoridad del tribunal"*.

En el presente caso hubo una previa determinación de causa probable en contra del menor por la falta de asesinato en primer grado. El Procurador, por tanto, venía obligado a solicitar la renuncia de la jurisdicción del Tribunal de Menores. Pueblo en el interés del menor R.H.M., 126 D.P.R. 404 (1990). La vista de renuncia de jurisdicción debe cumplir con los requisitos que establece la ley y que se señalan detalladamente en Pueblo en el interés del menor R.H.M., *supra*. Corresponde al Procurador de Menores presentar la evidencia en la vista de renuncia de jurisdicción sobre todos los factores requeridos en el Artículo 15 de la Ley. En dicha vista el menor tendrá el derecho de presentar su propia prueba para rebatir la prueba del Procurador de Menores. El Tribunal resolverá la cuestión de hechos ante sí a base de la preponderancia de la prueba. Pueblo en el interés del menor R.H.M., *supra*.

El menor-apelante en su recurso se dirige a impugnar varias determinaciones hechas por el juez de instancia en el transcurso de la vista.

-A-

Como primer señalamiento de error aduce que el tribunal de instancia erró al no ordenar que el menor fuera evaluado para efectos de la vista de renuncia de jurisdicción por la Trabajadora Social, un psicólogo y un psiquiatra del Tribunal. No tiene razón.

El artículo 33(c) ▮▮▮ de la Ley de Menores indica que el Tribunal podrá *"ordenar que el menor sea sometido a una evaluación comprensiva con fines de diagnóstico por un médico, psiquiatra o psicólogo u otros especialistas pertinentes y autorizados a ejercer su profesión en Puerto Rico"*.

Estos exámenes son ordenados por el tribunal, normalmente, en los casos discrecionales de renuncia de jurisdicción para determinar si el menor tiene madurez suficiente para ser tratado como un adulto. ▮▮▮ Se ha señalado que el nombramiento de peritos por el tribunal es discrecional por lo que el tribunal, luego de considerar su deseabilidad, puede optar por nombrar un perito ya sea por su propia iniciativa o a solicitud de parte. *United v. Gleen*, 544 F.2d 138 (1976), *Certiorari* denied, 430 U.S. 910, *Práctica Procesal Puertorriqueña - Vol. I, Evidencia,* **Publicaciones J.T.S.,** pág. 265.

El Tribunal de Menores tiene amplia discreción en nombrar los peritos del tribunal. Por lo que, salvo un claro abuso de discreción, los tribunales apelativos sostendrán la determinación hecha en instancia.

En este caso, el Tribunal de Menores le concedió a la defensa treinta días para que peritos privados escogidos por ésta evaluaran al menor y sometieran informes para la vista de renuncia de jurisdiccion. La defensa no cumplió. Tampoco se ha demostrado que se le causó perjuicio al menor al no permitirle que fuese evaluado por los peritos del Tribunal para la vista de renuncia de jurisdicción. Por lo que debemos concluir que el tribunal de instancia no abusó de su discreción al negarse a ordenar que el menor fuera evaluado para la vista de renuncia de jurisdiccion, por un psicólogo y un psiquiatra del tribunal.

## -B-

La defensa, como segundo y tercer señalamiento de error, alega que erró el Tribunal de Menores al no admitir en evidencia el informe rendido por la Trabajadora Social del Tribunal, Sra. Maribel García Cotto y al no citarla como testigo en la vista de renuncia de jurisdicción.

El Trabajador Social ▮ designado por el Sistema de Administración de Personal de la Rama Judicial para intervenir en casos de menores tiene las siguientes funciones:

*"(3) Llevará a cabo el debido estudio y análisis social del menor y preparará los informes que le sean requeridos por el juez"* ▮

Este estudio es un documento que prepara el trabajador social e incluye datos relacionados con el menor. ▮ Este se ordena cuando se determina causa probable contra el menor y es un documento indispensable en la vista de renuncia de jurisdicción. ▮

Por lo que, debemos concluir que por ser tan importante este documento para la vista de renuncia de jurisdicción erró el tribunal al no admitirlo en evidencia y no permitir que la Trabajadora Social testificase al respecto.

Sin embargo, hay que determinar si la negativa del tribunal a citar a la Trabajadora Social y a admitir el informe en evidencia representa un error que conlleve la revocación de la decisión del juez de instancia.

La Regla 5 de las de Evidencia ▮ establece que:

*"No se dejará sin efecto una determinación de exclusión de evidencia ni se revocará sentencia o decisión alguna por motivo de exclusión erronea de evidencia a menos que, (1) la evidencia fue erróneamente excluida a pesar de que la naturaleza, propósito y pertinencia de la misma fue traída a la atención del tribunal mediante una oferta de prueba o por cualquier otro modo, y (2) el tribunal que considera el efecto de la exclusión errónea entiende que ésta fue factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita."*

La defensa no incluyó junto con su Petición de *Certiorari* información alguna de la que pudiésemos derivar la naturaleza, propósito y pertinencia de la evidencia excluida. Las meras alegaciones no son suficientes para poder determinar si la exclusión le causó un perjuicio tal al querellado que conllevase la revocación de la sentencia. Por lo que ante la ausencia de esta prueba nos vemos impedidos de revocar la decisión del juez de instancia.

## -C-

La defensa del menor querellado, también señala que erró el tribunal al no permitir a la defensa traer como testigo en la vista de renuncia de jurisdicción al coautor Javier Reyes Ayala. El Procurador de Menores, sin embargo, alega que lo iba a usar como testigo en su caso, que estaba en la querella y que no había renunciado a éste.

La querella contra un menor se presentará luego que se ha determinado causa probable por una falta. Esta equivale y tiene el mismo fin del pliego acusatorio en el procedimiento penal ordinario. *R.F.C. v. Tribunal,* **92 J.T.S. 28,** 130 D.P.R. ___ (1992). ▮

La Regla 16(5) de las de Evidencia ▮ establece la presunción de *"que toda evidencia voluntariamente suprimida resultará adversa si se ofreciere. Por lo que si luego de anunciado un testigo, el fiscal no lo utiliza en el juicio, debe poner a ese testigo a disposición de la defensa para evitar que se active la presunción --establecida en la R. 16(5) de evidencia-- de que el testimonio hubiera sido adverso al pueblo de haber declarado el testigo. Esta presunción no se activa en la vista preliminar, razón por la cual el fiscal no tiene que poner a disposición de la defensa los testigos anunciados al dorso de la denuncia, pero que no fueron utilizados por el Ministerio Público".* ▮

Por lo que, al aplicar la doctrina antes citada, concluimos que el procurador de menores todavía no había renunciado a presentar a dicho testigo y la defensa no podía exigir su comparecencia, ya que es

en la vista adjudicativa y no en la de renuncia de jurisdicción que se activa esta presunción. Por lo tanto, es en la vista adjudicativa cuando se consideran renunciados los testigos que el procurador, después de haberlos anunciado, no interroga. No obstante lo anterior, la norma aludida no debe ser absoluta. En casos excepcionales (éste no es uno de ellos) el Tribunal, en el ejercicio de su discreción y ante un reclamo debidamente fundamentado, debe permitir que un testigo de cargo declare al ser reclamado por la defensa. Para ello la parte debe hacer una demostración *prima facie* de que ese testimonio derrotará la determinación de renuncia de jurisdicción. ▌Esto no se hizo; tampoco hubo un ofrecimiento de prueba tendente a indicarle al Tribunal el contenido del testimonio propuesto. Por lo tanto, no se cometió el error arriba señalado.

### -D-

También, se señala como error el que el tribunal de menores aceptara en evidencia el informe del psiquiatra del Departamento de Justicia por haber estado basado en el informe de la Trabajadora Social del Departamento de Justicia, Sra. Alicia Cruz Ayala el cual, según la defensa alega, está lleno de falsedades y por aceptar el informe de ésta.

El hecho de que el psiquiatra hubiese basado su evaluación en el informe de la Trabajadora Social y el que éste estuviera *"lleno de falsedades"* es cuestión de apreciación de la prueba la cual los tribunales apelativos no van a entrar a dirimir salvo que se demuestre que hubo pasión, prejuicio, parcialidad o error manifiesto, *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172, 181 (1985). ▌ La defensa al señalar este error, sin embargo, no nos pone en posición para poder determinar si las afirmaciones de la Trabajadora Social eran falsas o no por lo que debemos concluir que estos errores no fueron cometidos. ▌

### -E-

También, señala que erró el tribunal de menores al permitirle a la Trabajadora Social del Departamento de Justicia entregar un informe complementario y al no considerar el informe del psicólogo del Tribunal Dr. Hilario.

El artículo 33 (c) de la Ley de Menores establece que el Tribunal de Menores podrá *"ordenar que el menor sea sometido a una evaluación comprensiva por un médico, psiquiatra o psicólogo u otros especialistas pertinentes y autorizados a ejercer su profesión en Puerto Rico."* Como antes habíamos mencionado, es discrecional del tribunal el ordenar que se hagan estos informes por lo que si considera que el informe de la Trabajadora Social no está completo puede pedirle que le entregue uno complementario. De esa manera, el juez puede cumplir con los propósitos ▌ de esta ley y contar con la información necesaria para determinar si debe renunciar a la jurisdicción sobre el menor.

Con respecto al señalamiento de error de la defensa que señala que el Tribunal de Instancia no tomó en consideración el informe del psicólogo del tribunal, debemos concluir que ese error no se cometió pues de la sentencia surge que el tribunal tomó en consideración dicho informe al escribir su resolución. ▌

### -F-

Por último, señala la defensa que erró el Tribunal de Menores al renunciar a la jurisdicción del menor de epígrafe.

El artículo 15 ▌ de la Ley de Menores señala lo siguiente:

*"(a) El Tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de (14 años) y menor de dieciocho (18) años, a quien se le impute la comisión de cualquier falta clase II ó III.*

*El procurador podrá promover la solicitud cuando previa determinación de causa probable, se le impute al menor una de las siguientes faltas: violación, robo secuestro, mutilación, sodomía, escalamiento agravado y agresión agravada en su modalidad de delito grave.*

*El Procurador deberá promover la solicitud de renuncia de jurisdicción en los siguientes casos. (a) cuando se impute a un menor que sea mayor de catorce (14) años la comisión de hechos*

*constitutivos de asesinato en la modalidad que está bajo la autoridad del Tribunal. (b) cuando se le impute al menor una falta clase II ó III y se le hubiera adjudicado previamente una falta clase II ó III, incurrida entre los 14 y 18 años.*

*(b) Vista*

*El tribunal, previa notificación, celebrará una vista de renuncia de jurisdicción.*

*(c)Factores a considerar*

*Para determinar la procedencia de la renuncia a que se refiere el inciso (a) de este artículo, el tribunal examinará los siguientes factores:*

*(1) naturaleza de la falta que se imputa al menor y las circunstancias que la rodearon;*

*(2) historial legal previo del menor, si alguno;*

*(3) historial social del menor;*

*(4) si el historial socio-emocional y sus actitudes hacia la autoridad hacen necesario establecer controles respecto a su comportamiento que no se le puedan ofrecer en`los centros de custodia o en las instituciones de tratamiento social a disposición del menor."*

En cuanto al primer elemento a tomar en consideración para la renuncia de jurisdicción a saber: la naturaleza de la falta que se le imputa al menor y las circunstancias que lo rodearon, el Tribunal Supremo de Puerto Rico en *El Pueblo de Puerto Rico en interés del menor R.H.M.*, **90 J.T.S. 73**, a la pág. 7780, 126 D.P.R. ___ (1990), estableció que hay que considerar:

*"[E]l tipo de delito cometido y la forma en que se cometió incluyendo el grado de violencia utilizada, la peligrosidad del acto y el uso de armas de fuego... También hay que considerar cuál fue el grado de participación del menor en el acto delictivo y si la gravedad del acto presenta un riesgo para la comunidad."*

En cuanto al segundo factor, el Tribunal Supremo señala que:

*"[S]e debe estudiar sus antecedentes legales para evaluar los tipos de faltas incurridas anteriormente y los resultados de las medidas dispositivas impuestas por el Tribunal... El Tribunal, también, debe considerar si el menor ha estado recluido en institutos de servicio para menores y si ha evadido o incumplido los tratamientos requeridos".* ▆▆

En cuanto al historial social, el Tribunal Supremo expresó:

*"Corresponde determinar como regla general las relaciones familiares del menor y su comportamiento social. En particular debe estudiarse su núcleo familiar. Se debe identificar la composición familiar, incluyendo con quién vive el menor y el tipo de controles que tiene en su hogar. Sobre este último aspecto es importante examinar si los padres o custodios presentan los mismos problemas que el menor... también procede un examen de su comportamiento escolar y funcionamiento académico, evaluando si hay problemas de ausentismo, indisciplina, y falta de interés en sus estudios así como en sus relaciones con la comunidad y con las personas con quien acostumbra confraternizar. Para completar el cuadro social es aconsejable inquirir sobre su capacidad para enfrentarse a situaciones adversas y si refleja un historial de agresividad y violencia en sus relaciones interpersonales que le permitan al tribunal determinar si es una persona rehabilitable dentro del sistema de justicia juvenil."* ▆▆

Por último, en cuanto al historial socio-emocional, el Tribunal Supremo expresó:

*"El factor relacionado al historial socio-emocional del menor va dirigido a evaluar las actitudes del menor hacia la autoridad y los controles internos respecto a su comportamiento de manera que se*

*pueda establecer si en su caso particular el sistema de rehabilitación disponible no podría ayudarlo a corregir su comportamiento social. Informe de la Comisión de lo Jurídico del Senado, 22 de mayo de 1985 p. 9.; Davis, supra. a las págs. 4-18. Para alcanzar este propósito se deben considerar unos indicadores de conducta sobre la peligrosidad del menor consigo mismo y hacia otros a la luz del acto cometido y de la probabilidad de que actos similares o de mayor peligro ocurran en el futuro. Entre otros, procede evaluar las reacciones del menor ante provocaciones y el grado de impulsividad que caracteriza su conducta. Se debe investigar si tiene desórdenes emocionales o enfermedades orgánicas·o si es adicto a alguna sustancia controlada".* ▊

Del expediente de este caso surge que a este menor se le imputaron las faltas de dar muerte a un ser humano actuando en concierto y común acuerdo con cuatro adultos más dio muerte a un ser humano al perpetrar el delito de robo. Además, se le imputaron las faltas de robo y por varias infracciones a los artículos 6, 6A, 8 de la Ley de Armas.

Sobre su historial legal, surge de la Evaluación Social que al menor se le radicaron querellas, el 27 de junio de 1994, por haber alegadamente actuado en común y mutuo acuerdo con dos adultos, se le ocupó una pistola en el auto y al ser detenidos tiraron el arma. Por estas faltas se le otorgó el Desvío al menor. ▊ Sobre el tiempo en que estuvo bajo el programa de desvío, la Trabajadora Social indicó que el menor H.L.L.Z. faltó a menudo, que llegaba bajo los efectos de sustancias controladas y que los funcionarios del Cuerpo de Voluntarios de Río Grande, lo describieron como manipulador, mentiroso, hostil y retante a la autoridad. En fin, indica la Trabajadora Social que el menor no cumplió con el programa de desvío y añade que en dicho programa le dieron una baja negativa por no cumplir con los requisitos del programa. ▊

Por otro lado, de la evaluación psicológica que le hiciera el Dr. Hilario de la Iglesia al menor, surge que éste reconoció haber sido acusado por el hurto de un auto y violaciones a la ley de armas. También, indicó que por dichas faltas estuvo bajo el programa de desvío en *"Job Corps"* del cual fue suspendido por el uso de sustancias controladas. ▊ Sobre el historial social del menor, el Tribunal de Instancia, Sala de Menores, describe al menor de la siguiente manera:

*"El menor Héctor L. López Zayas nació el 12 de enero de 1978. Cuenta actualmente con 18 años de edad. Vivió desde los seis meses de edad con su tía materna, la Sra. Ruperta Zayas. Luego vivió por alrededor de dos años con su madre y luego otra vez con su tía materna. Su padre falleció; alegadamente lo mataron. Su madre vive en las parcelas Falú de Río Piedras. Tiene una novia, quien a su vez tiene un hijo de otro señor. La madre de este joven es usuaria de sustancias controladas. El menor abandonó la escuela hace cuatro años."* ▊

Con respecto al historial socio-emocional del menor, el Tribunal tomó en consideración varios informes.

Del informe del Dr. Jaime Acevedo Maldonado, el tribunal consideró:

*"No ha tenido intento suicida, presentó sentimiento de irritabilidad, posee pocos controles internos desarrollados, poca tolerancia a la frustración, se deja llevar por el medioambiente sin evaluar las consecuencias de sus actos, es impulsivo."* ▊

El tribunal de instancia, también tomó en consideración el informe del Dr. Hilario de la Iglesia. Sobre éste el tribunal consideró lo siguiente:

*"Emocionalmente refleja rasgos de inhibición, autoestima baja y algún rasgo agresivo. Los dibujos de la figura humana y familia sugieren rasgos de ansiedad, inmadurez, afecto hacia su tía, novia e hijo de su novia y afecto hacia la madre de su novia."* ▊

El Dr. de la Iglesia no recomendó la renuncia de jurisdicción.

De la evaluación psiquiátrica hecha al menor por el Dr. Rafael Cabrera Aguilar, el Tribunal de instancia tomó en consideración lo que se cita a continuación:

*"El joven negó toda actuación delictiva o participación de los hechos, por lo que el proceso de introvisión es casi nulo hasta el momento.*

*Del examen mental se desprende un contenido de pensamiento lógico, coherente, no patología sicótica o afectiva es detectada. El aspecto dinámico de la personalidad presenta un menoscabo del superego, con elementos antisociales introyectados en la personalidad. Entendemos que el funcionamiento social del joven es de un adulto inmerso en la subcultura del crimen, los controles internos son deficientes, producto de un código disfuncional.*

*El proceso de rehabilitación en este caso se complica por la ausencia de introvisión, entendemos que por la edad del joven, peligrosidad de los hechos imputados y proceso intrasíquicos, el joven no es candidato a rehabilitación dentro del sistema de menores."* ▪

Por último el tribunal, también, tomó en consideración el informe de la Trabajadora Social del Departamento de Justicia, Sra. Alicia Cruz Ayala, quien también recomendó la renuncia de jurisdicción. Sobre su informe el tribunal consideró lo siguiente:

*"El menor es el hijo mayor de dos procreados en unión consensual de la madre, Wanda Zayas y el señor Benito López, fallecido. Wanda Zayas tenía 15 años al nacer el menor y su padre, Benito López, 19 años. Residían en las Parcelas Falú de Río Piedras. El padre del menor muere asesinado cuando el menor contaba con 2 años de edad. Ambos padres eran usuarios de sustancias controladas.*

*Posteriormente la madre del menor se une consensualmente con otra persona y el menor es expuesto a episodios de violencia doméstica continuas y a negligencia.*

*Colaterales entrevistados señalan que Héctor se dedicaba a realizar asaltos junto a otros... que funcionaban como una especie de "ganga"... se relacionaba con personas conocidas por su participación en el tráfico de sustancias controladas. Héctor se dedicó a deambular libremente hace cinco años. Hace dos años que vive maritalmente con una joven con una hija de ésta."*

Su historial delictivo refleja ser más extenso de lo que se tiene conocimiento, por lo que próximamente se espera esclarecer varios delitos que tiene pendientes. ▪

### III
### Conclusión

De toda la evidencia creída por el tribunal de instancia, se desprende que el menor H.L.L.Z. tiene un patrón de conducta antisocial, incumplió con el programa de desvío, no logró terminar ningún curso vocacional, lleva una vida de adulto y no está sujeto a los controles de una familia. El ambiente familiar ha sido uno con problemas de maltrato conyugal y con problemas de drogadicción entre otros. El efecto acumulativo de todas estas circunstancias nos hace concurrir con la determinación del tribunal de instancia al decretar la renuncia de jurisdicción.

Por lo tanto, al considerar los factores que enumera la ley y tomados en consideración por el juez de instancia concluimos que no erró el tribunal de instancia al recomendar la renuncia de jurisdicción del tribunal de menores. ▪ Por lo que, confirmamos la resolución recurrida.

Regístrese y notifíquese.

El Juez Rivera Pérez disiente por entender que el Tribunal de Circuito de Apelaciones no tiene jurisdicción.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**1.** Este señaló: *"El proceso de rehabilitación en este caso se complica por la ausencia de introvisión (sic.); entendemos que por la edad del joven, la peligrosidad de los hechos imputados y proceso intrasíquicos el jovén (sic.) no es candidato a rehabilitación dentro del sistema de menores. Por lo antes expuesto recomendamos que el Tribunal acoja favorablemente la petición de renuncia de jurisdicción en este caso."* Evaluación Siquiátrica, Dr. Rafael Cabrera Aguilar, pág. 2.

**2.** Esta opinó en parte: *"Se recomienda Renuncia de Jurisdicción [sic] para que sea juzgado a tono con su funcionamiento de adulto. Todos los indicadores demuestran que es un adulto en cuanto a ejecutorias y madurez social y es el sistema de Adultos quien debe proveerle servicios y plan de tratamiento dirigidos a su rehabilitación."* Sra. Alicia Cruz Ayala, Trabajadora Social, Evaluación Social Sobre Renuncia de Jurisdicción. H.L.L.Z., pág. 9.

**3.** 34 L.P.R.A. sec. 2202.

**4.** Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. sec. 2215 *et seq.*

**5.** 34 L.P.R.A. sec. 2236. Véase, también, 34 L.P.R.A. Ap. IA, R.9.1.

**6.** *"El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:*

*a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición."* Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley 248 de 25 de diciembre de 1995, Art. 4.002 (a).

**7.** El Tribunal Supremo define el término *"sentencia"* como *"cualquier determinación de un tribunal que resuelva finalmente la cuestión litigiosa."* *Pueblo ex rel. R.S.R., supra.*

**8.** Véase Pueblo de Puerto Rico En Interés del Menor B.S.R., Núm. KLCE-96-00259.

**9.** Véase Reglas 13 y 23 del Reglamento del Tribunal de Circuito de Apelaciones.

**10.** *Pueblo en interés R.G.G.*, 123 D.P.R. 443 (1989).

**11.** El Tribunal de Circuito de Apelaciones, en el caso *El Pueblo de Puerto Rico en Interes del Menor B.S.R.*, sentencia de 29 de marzo de 1996, Núm. KLCE-96-00259, decidió que por tratarse las resoluciones en los casos de renuncia de jurisdicción del Tribunal de Menores de resoluciones finales y como consecuencia de la aprobación de la Ley de la Judicatura de 1994, se deberá recurrir de ellas mediante el recurso de apelación ante el Tribunal de Circuito de Apelaciones. Este tribunal, también, decidió que el término para presentar el recurso de apelación ante este tribunal era el de veinte (20) días que disponen las reglas para asuntos de menores pues como el Reglamento del Tribunal de Circuito de Apelaciones no estableció un término para presentar las apelaciones ante este foro se deduce que su intención fue dejar vigentes los términos que prescribían los diferentes reglamentos procesales. La situación de este caso se diferencia a la de autos pues el 1ro. de mayo de 1996 entró en vigor un nuevo reglamento de este tribunal el cual prescribe como término para radicar las apelaciones uno de treinta (30) días tanto para las apelaciones civiles como criminales. Por lo que debemos entender que este reglamento modificó los reglamentos procesales, inclusive las Reglas de Menores.

**12.** 34 L.P.R.A., Sec. 2215.

**13.** 34 L.P.R.A., sec. 2233.

**14.** Dora Nevares Muñiz, Derecho de Menores, 2da ed., Hato Rey, Instituto para el Desarrollo del Derecho Inc., 1987, pág. 53.

**15.** Especialista de Relaciones de Familia. *Ibid.*, pág. 19.

**16.** 34 L.P.R.A., sec. 2213.

**17.** Por ejemplo: edad, grado que cursa, habitualidad a drogas o alcohol, faltas anteriores... *Ibid.* pág. 51.

**18.** *Ibid.*

**19.** 32 L.P.R.A. Ap. IV R.5.

**20.** *Ibid.* pág. 77.

**21.** 32 L.P.R.A. Ap. IV R. 16(5).

**22.** Ernesto L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, Colombia, Ed. Forum, 1993, pág. 172.

**23.** Véase dentro del contexto de vista preliminar, *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653 (1985).

**24.** La defensa pudo haber impugnado a este testigo mediante el contrainterrogatorio o trayendo a otros testigos.

**25.** Si el juez de instancia no quería citar al testigo o no quería admitir algún documento en evidencia lo que procedía era que la parte afectada hiciera un ofrecimiento de prueba lo que luego en apelación nos permite evaluar lo que hubiese declarado esta persona.

**26.** Uno de los propósitos de esta ley es *"proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad."*

**27.** Resolución Recurrida a la pág. 4.

**28.** 34 L.P.R.A., sec. 2215.

**29.** *Supra.*

**30.** *Supra*, a las págs. 7780-7781.

**31.** *Supra.*

**32.** Sra. Alicia Cruz Ayala, Evaluación Social Sobre Renuncia de Jurisdicción, H.L.L.Z., a la pág. 2.

**33.** *Ibid.*

**34.** Resolución recurrida a la pág. 3.

**35.** *Ibid.*

**36.** *Ibid.,* pág. 4

**37.** *Ibid.*

**38.** *Ibid.*, pág. 5.

**39.** *Ibid.,* págs. 5-6.

**40.** Cuando las determinaciones de hechos realizadas por el Tribunal de Instancia están sostenidas por la prueba, éstas merecen diferencia en ausencia de error manifiesto, prejuicio o parcialidad. *El Pueblo de Puerto Rico en interés del Menor R.H.M., supra.* a la pág. 7783.