EL PUEBLO DE PUERTO RICO en interés del menor R.S.R., peticionario.

*Número:* CE-88-92      *Resuelto:* 11 de mayo de 1988

*Jorge Rafael Collazo Sánchez,* abogado del peticionario; *Nilda P. Fuentes Ortiz, Procuradora General Auxiliar,* abogada de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Mediante resolución de fecha 25 de febrero de 1988: (a) le dimos curso al recurso de apelación que ante este Tribunal radicara el menor apelante en solicitud de revisión de la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Asuntos de Menores de Aibonito, mediante la cual dicho foro renunció a la jurisdicción sobre el referido menor; (b) le concedimos término al Procurador General de Puerto Rico para que mostrara causa "por la cual este Tribunal no deba revocar la mencionada resolución . . . y [ordenar] que los procedimientos contra el menor en controversia" continúen ante la Sala de Asuntos de Menores del referido Tribunal Superior; (c) ordenamos que se elevaran los autos originales, incluyendo los informes rendidos por la Trabajadora y la Técnica Social que declararon ante el tribunal de instancia, los cuales tomó dicho tribunal en consideración al declarar con lugar la moción de renuncia de jurisdicción, y (d) ordenamos, en atención a la moción en auxilio de jurisdicción que radicara el menor apelante, la paralización de los procedimientos ante el tribunal de instancia.

El Procurador General de Puerto Rico ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

I

El 12 de noviembre de 1987 el tribunal de instancia, luego de la celebración de la correspondiente vista, determinó causa probable por la falta de robo contra el menor apelante. Éste radicó un escrito intitulado "Moción Impugnando Determinación de Causa Probable". *Exhibit* 8, pág. 12. Alegó en el mismo que el supuesto perjudicado —quien había declarado en la vista sobre determinación de causa probable que el apelante le había despojado de su dinero mediante el uso de la fuerza y la violencia— le había declarado al policía investigador de los hechos que una persona desconocida le había quitado su dinero mientras dormía. Dicha moción fue señalada para vista por el tribunal de instancia. Discutida la misma, el tribunal "ratificó" la determinación de causa probable.

Radicada la moción de renuncia de jurisdicción por el Procurador de Menores, se señaló vista para dilucidar la misma. En dicha vista —celebrada ante magistrado distinto— únicamente declararon como testigos la trabajadora social asignada a la sala de asuntos de menores del tribunal de instancia y una técnica social adscrita al Departamento de Servicios Sociales del Estado Libre Asociado de Puerto Rico. El foro de instancia, mediante una escueta resolución, declaró con lugar la moción de renuncia de jurisdicción radicada por el Procurador de Menores.[1]

[1] El referido tribunal, en lo pertinente, expresó:
"Este Tribunal y este Magistrado luego de oídas las exposiciones tanto del Procurador como de la defensa y tomando en cuenta la falta cometida, el informe social del menor así como el testimonio de la Trabajadora Social Ligia M. Ortiz Rivera y el testimonio de la Técnica de Servicios Sociales Sra. Elsa Santiago

En el escrito de apelación que radicara ante este Tribunal, el menor apelante le imputa al tribunal de instancia la supuesta comisión de tres (3) errores, a saber:

*Primer Error:*

Erró el Honorable Tribunal de Instancia al determinar causa por la falta de robo contrario a derecho, siendo contradictorio el testimonio del testigo de cargo, Sr. Martín Santiago Maldonado.

*Segundo Error:*

Erró el Honorable Tribunal de Instancia al determinar que el mejor bienestar del menor y de la comunidad está en renunciar la jurisdicción de dicha Sala, para que el menor sea procesado como adulto.

*Tercer Error:*

Cometió error el Honorable Tribunal de Instancia al intervenir en el asunto de epígrafe el Honorable Juez de Distrito Manuel González Villafañe, sin haber sido nombrado por el Honorable Gobernador de Puerto Rico ni confirmado por el Senado de Puerto Rico como juez superior para intervenir en la Sala de Asuntos de Menores del Tribunal Superior. Petición del recurrente, págs. 4–5.

## II

En su comparecencia para mostrar causa el Procurador General de Puerto Rico nos hace varios planteamientos.

En primer lugar, alega el Procurador que el recurso radicado por el menor no es el apropiado. Nos informa que es su criterio que el recurso a radicarse en esta clase de situaciones lo es el de *certiorari* y no el de apelación por razón de que sólo procede la radicación de un recurso de apelación en

Resto y la edad del menor que cae dentro de los 14 a los 18 años de edad y tomando en consideración los mejores intereses del menor y de la comunidad y evaluando toda la prueba en conjunto y de conformidad con la Ley de Menores de Puerto Rico y las Reglas de Procedimiento para Asuntos de Menores de Puerto Rico, dictamina de la siguiente manera: RENUNCIAMOS A LA JURISDICCIÓN DEL MENOR [R.S.R.]."

revisión de "una orden o resolución final susceptible de ser apelada" (escrito para mostrar causa, pág. 5) y, en la opinión del Procurador, la resolución que se emite declarando con lugar una moción en solicitud de renuncia de jurisdicción no goza de esa característica de finalidad.

En segundo lugar, cuestiona la jurisdicción de este Tribunal en el presente recurso. Señala dicho funcionario que a pesar de que el apelante radicó en tiempo ante el tribunal de instancia el escrito de apelación, no remitió o presentó ante este Tribunal en el término establecido por ley copia de dicho escrito. Nos indica el Procurador que en su opinión, éste lo hizo un día después de vencido el término para ello.

En tercer lugar, argumenta el Procurador General que, en términos generales, la renuncia de jurisdicción aquí en controversia fue una conforme a derecho, la cual debe ser ratificada por este Tribunal.

No le asiste la razón en ninguno de sus planteamientos. Veamos por qué.

### III

Señalando que este Tribunal no ha tenido ocasión de expresarse en relación con las disposiciones de la nueva Ley de Menores de Puerto Rico y sobre "la nueva filosofía que [esta] encarna", sostiene el Procurador General de Puerto Rico que debemos resolver que en situaciones como las que plantea el presente caso el recurso correcto a radicarse debe ser el de *certiorari* —no el de apelación— por razón de que el Art. 36 de la Ley de Menores de Puerto Rico vigente[2]

es clar[o] al referirse a que las órdenes o resoluciones finales dictadas por el Tribunal de Menores podrán ser apeladas ante el Tribunal Supremo de Puerto Rico. Sin embargo[,] debemos señalar que, la vista sobre renuncia de

---

[2] Ley Núm. 88 de 9 de julio de 1986 (34 L.P.R.A. sec. 2236).

jurisdicción no puede considerarse una orden o resolución final. Es sólo un incidente adicional en el proceso que se sigue contra el menor y en el cual se determina como éste será encausado. Una vez el joven imputado es traído frente a la justicia para responder, el Estado tiene a su alcance dos formas o maneras de exigirle responsabilidad; o bien procesándole como un menor o por el contrario, procesándole como adulto. La renuncia de jurisdicción no constituye en forma alguna una determinación final sobre los méritos del caso. Ello ocurrirá, como es sabido en la vista en su fondo. Para que sea final como lo expresa su nombre, tendría que poner fin o adjudicar toda la controversia . . . . Escrito para mostrar causa, págs. 5 y 6.

No le asiste la razón. El Art. 36 de la nueva Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2236, establece que:

*Apelación*

La orden o *resolución final* dictada por el Juez en relación con cualquier menor bajo las disposiciones de este Capítulo *podrá apelarse* ante e[l] Tribunal Supremo de Puerto Rico. Las órdenes y *resoluciones interlocutorias* podrán ser revisadas ante el Tribunal Supremo de Puerto Rico mediante recurso de *certiorari*. En la interpretación de estos recursos deberán regir las reglas adoptadas por el Tribunal Supremo. La interposición de la apelación no suspenderá los efectos de cualquier orden del Juez en relación con el menor, a menos que el Tribunal Supremo decrete lo contrario. (Énfasis suplido.)

Resultan, en adición, pertinentes al punto en controversia las disposiciones del Art. 33 de la referida ley, 34 L.P.R.A. sec. 2233, el cual dispone que:

*Resoluciones*

Los dictámenes del Tribunal se denominarán resoluciones. En éstas el Tribunal podrá:

(a) Desestimar la querella por insuficiencia de prueba.

(b) Imponer cualquier medida dispositiva.

(c) Ordenar que el menor sea sometido a una evaluación comprensiva con fines de diagnóstico por un médico, psiquiatra o psicólogo u otros especialistas pertinentes y autorizados a ejercer su profesión en Puerto Rico.

(d) Imponer a los padres o a las personas encargadas del menor la obligación de contribuir al pago total o parcial de los gastos en que se incurra en la evaluación o diagnóstico, tratamiento y rehabilitación del menor cuando ello sea procedente. El incumplimiento de las disposiciones del Tribunal a este respecto, por parte de la persona obligada, podrá constituir desacato.

(e) Cualquier otra determinación relacionada con el procedimiento o caso que se ventila.

A la luz de las disposiciones de los antes transcritos artículos de ley, resulta evidente que la posición que asume el Procurador General respecto a este asunto es una completamente errónea. No albergamos duda alguna sobre *la característica de finalidad,* a nivel de la Sala de Asuntos de Menores, de una resolución mediante la cual se declara con lugar una solicitud de renuncia de jurisdicción por parte del Procurador de Menores. *La misma, llana y sencillamente, le pone fin a los procedimientos en dicho foro.* La "resolución" emitida en el presente caso goza de las características de una sentencia. Debe recordarse que el término "sentencia" incluye cualquier determinación de un tribunal *que resuelva finalmente la cuestión litigiosa* y de la cual pueda apelarse o solicitarse revisión. Regla 43.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III); *Torres Torres v. Tribunal Superior,* 101 D.P.R. 277, 278 (1973); *Gorbea v. Tribunal Superior,* 104 D.P.R. 138, 144 (1975).

IV

Por otro lado, argumenta el Procurador General que asumiendo que el recurso apropiado lo fuera el de apelación, el mismo, aun cuando fuera presentado en tiempo ante el tribunal de instancia, fue radicado ante este Tribunal fuera del término de veinte (20) días que prescribe la Regla 9.1(b) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Señala dicho funcionario que habiendo sido emitida la

resolución declarando con lugar la solicitud de renuncia de jurisdicción con fecha de 27 de enero de 1988, el menor tenía hasta el 16 de febrero de ese año para radicar su escrito, tanto ante el tribunal de instancia como ante este Tribunal, y que al así hacerlo un día después, esto es, el 17 de febrero de 1988, el recurso fue radicado tardíamente ante este Foro.

■ Aparte del hecho de que el requisito de radicación ante el tribunal apelativo de copia del escrito de apelación o revisión dentro de determinado término, no es uno de carácter jurisdiccional y sí de estricto cumplimiento,(3) *Pueblo v. Fragoso Sierra*, 109 D.P.R. 536, 539 (1980); *Morales v. Méndez Más*, 109 D.P.R. 843, 845 (1980), el problema con que se confronta el planteamiento del Procurador General en el presente caso es que si bien es cierto que la resolución apelada *fue emitida* por el magistrado con fecha de 27 de enero, *la misma fue notificada por la secretaría del tribunal de instancia el 3 de febrero de 1988.*

Es correcto que la Regla 9.1(b) de Procedimiento para Asuntos de Menores, *supra*, dispone, en lo pertinente, que:

*Regla 9.1. Recursos ante el Tribunal Supremo*

.    .    .    .    .    .    .    .

b) La apelación se formalizará presentando un escrito de apelación en la Secretaría de la sala del tribunal que entendió en el caso dentro de los veinte (20) días siguientes a la fecha *en que se dictó la resolución que dispuso del caso* y se deberá presentar o remitir por correo certificado copia de dicho escrito a la secretaría del Tribunal Supremo dentro del referido término. (Énfasis suplido.)

Dicha fraseología es similar a la utilizada en la Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, referente a la apelación ante este Tribunal de sentencias dictadas por el

---

(3) Ello no obstante, la tardanza debe ser justificada detalladamente y a cabalidad.

Tribunal Superior en casos de adultos. Como sabemos, la misma dispone, en lo pertinente, que la "apelación se formalizará presentando un escrito de apelación . . . dentro de los veinte (20) días siguientes a la fecha *en que la sentencia fue dictada* . . .". (Énfasis suplido.)

*Existe, sin embargo, una gran diferencia entre ambas situaciones.* En el caso en que se sentencian adultos ante el Tribunal Superior, *éstos de ordinario están presentes, asistidos de abogado, al momento de la imposición de la sentencia* por lo que, desde el punto de vista del debido proceso de ley, no hay reparo a que el término de veinte (20) días que éstos tienen para radicar su escrito de apelación comience a contarse desde que se dicta la sentencia, por cuanto quedan notificados el mismo día. En las situaciones como la que presenta el caso de autos, sin embargo, la resolución se emite por escrito, luego de haberse celebrado la vista, *y la misma, de ordinario, es notificada por correo*; en otras palabras, el menor perjudicado por dicha resolución, y su abogado, no se enteran del contenido de la misma el día de su emisión. Podría, inclusive, darse el caso de que resoluciones como la aquí en controversia se emitan por el magistrado y no se notifiquen por la secretaría del tribunal hasta pasados los veinte (20) días de su emisión.

■ No podemos, en su consecuencia, avalar la posición que sostiene el Procurador General en este aspecto. El así hacerlo podría propiciar el que se afecte de manera intolerable el derecho de apelación que le concede la Ley de Menores de Puerto Rico a éstos en situaciones de renuncias de jurisdicción. Resolvemos, en su consecuencia, que el término de veinte (20) días que establece la citada Regla 9.1(b) de Procedimiento para Asuntos de Menores, se comenzará a contar desde la fecha en que la secretaría de las Salas de Asuntos de Menores certifiquen haber notificado a las partes con copia

de la resolución emitida, o, en los casos apropiados, desde la fecha en que se hace la notificación personalmente.(4)

## V

■ No hay duda de que habiéndose determinado causa probable contra el menor apelante por una falta de robo, el Procurador de Menores venía obligado —al amparo de lo dispuesto por el Art. 15(a) de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2215(a)— a solicitar del tribunal de instancia que éste renunciara su jurisdicción sobre el menor. Ahora bien, dispone el citado Art. 15, en su inciso (c), que:

(c) *Factores a considerar.—Para determinar la procedencia de la renuncia a que se refiere el inciso (a) de esta sección, el Tribunal examinará los siguientes factores*:
(1) Naturaleza de la falta que se imputa al menor *y las circunstancias que la rodearon.*
(2) Historial legal previo del menor, si alguno.
(3) Historial social del menor.
(4) Si el historial socioemocional y sus actitudes hacia la autoridad hacen necesario establecer controles respecto a su comportamiento que no se le pueden ofrecer en los centros de custodia o en las instituciones de tratamiento social a disposición del Tribunal. (Énfasis suplido.)

Como surge de la relación de los hechos que hiciéramos al comienzo de la presente ponencia, en la vista que celebrara el tribunal de instancia a los fines de dilucidar la solicitud de renuncia de jurisdicción, únicamente testificaron la trabajadora social adscrita al tribunal y una técnica social del Departamento de Servicios Sociales del Estado Libre Asociado. El testimonio de éstas versó sobre el historial legal previo del menor, el historial social de éste, y el comportamiento y

---

(4) La Regla 12.7 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, contempla los dos (2) métodos tradicionales de notificación: por correo o personalmente.

ajuste del mismo en la sociedad. De la resolución emitida por el tribunal de instancia, mediante la cual renunció a su jurisdicción sobre el menor, no surge que dicho foro tomara en cuenta la naturaleza de la falta que se le imputaba al referido menor *y las circunstancias que rodearon la alegada comisión de la misma.*

Un examen de los autos originales del caso demuestra que el único testimonio que conecta al menor con la alegada falta cometida —el del supuesto perjudicado, señor Santiago Maldonado Martín— resulta ser, cuando menos, altamente sospechoso y cuestionable. Ello es así por cuanto, si bien es cierto que el señor Maldonado Martín declaró ante el magistrado que determinó causa probable contra el menor apelante que éste, en horas de la madrugada del 29 de septiembre de 1987, se apropió de la suma de $250 perteneciente a él mediante el uso de la fuerza y la violencia, *surge de un informe oficial de querella de la Policía de Puerto Rico que ese mismo día 29 de septiembre el señor Maldonado Martín le informó al policía Santos Molina Collazo, adscrito al Cuartel de la Policía de Coamo, que en dicho día él se había quedado dormido como a las 2:00 A.M. en el patio de su residencia y que "alguien se apropió de $250.00 que tenía en el bolsillo derecho del pantalón".* (Énfasis suplido.) *Exhibit* 9, pág. 17.

En vista de ello, somos del criterio que *las circunstancias que rodean la supuesta comisión de la falta imputada* por parte del menor apelante no justifican la renuncia de jurisdicción decretada por el tribunal de instancia, la cual tiene la consecuencia de someter al menor, como "adulto", a un juicio criminal ante el Tribunal Superior de Puerto Rico. Dados los hechos mencionados, repetimos, ello no se justifica.

Por las razones antes expresadas, *se decreta la revocación de la resolución apelada y la devolución del caso al*

*foro de instancia para procedimientos ulteriores compatibles con lo antes expresado.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.