

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico en interés de la menor S.M.R.R. | Certiorari<br><br>2012 TSPR 72<br><br>185 DPR \_\_\_\_ |

Número del Caso: CC-2011-37

Fecha: 13 de abril de 2012

Tribunal de Apelaciones:

      Región Judicial de Fajardo, Panel IX

Abogada de la Parte Peticionaria:

      Lcda. Eileen N. Díaz Ortiz

Oficina del Procurador General:

      Lcdo. Luis R. Román Negrón
      Procurador General, Interino

      Lcda. María T. Caballero García
      Procuradora General Auxiliar

Materia: Renuncia de Jurisdicción

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico
en interés de la menor
S.M.R.R.

CC-2011-0037          *Certiorari*


Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON


San Juan, Puerto Rico, a 13 de abril de 2012.

El presente caso nos requiere precisar cuáles son las reglas procesales que rigen la presentación y notificación de un recurso apelativo mediante el cual se recurre de una resolución del Tribunal de Menores que declaró con lugar una moción de renuncia de jurisdicción. En específico, debemos determinar si el Tribunal de Apelaciones erró al desestimar el recurso de la parte peticionaria por esta no habérselo notificado al Fiscal de Distrito de Fajardo y al Tribunal de Primera Instancia, Sala Superior de lo Criminal. Por entender que nuestro ordenamiento procesal para casos de menores no requiere estas notificaciones, revocamos el dictamen del Tribunal de Apelaciones.

I.

La peticionaria es una menor a la que se le imputó haber sido coautora de un asesinato acaecido el 18 de mayo de 2008.[1] Contra ella, el Ministerio Público presentó tres denuncias: una por violación al Art. 106(a) del Código Penal, 33 L.P.R.A. sec. 4734(a) y dos por violación al Art. 5.04 de la Ley de Armas, 25 L.P.R.A. sec. 458c. El juez que presidió la vista preliminar determinó causa probable contra la menor en los tres cargos, pero en la modalidad de cooperadora. Esta determinación fue sostenida en una vista preliminar en alzada que fue solicitada por la Fiscalía.

El Ministerio Público presentó las debidas acusaciones y el asunto fue señalado para lectura y juicio en su fondo. Así las cosas, la defensa de la menor presentó una moción mediante la cual solicitó al tribunal que desestimara las acusaciones al amparo de la Regla 64(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Argumentó que el foro con jurisdicción era el Tribunal de Menores. Esto, pues la acusada era una menor y la determinación de causa probable fue en la modalidad de cooperadora y no de coautora. El tribunal acogió los planteamientos de la defensa y ordenó el traslado del caso al Tribunal de Menores.

Estando el caso pendiente de adjudicación ante el Tribunal de Menores, el Ministerio Público presentó una moción sobre renuncia de jurisdicción al amparo del Art. 15 de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A.

---

[1] Para esa fecha, la peticionaria tenía 16 años de edad.

sec. 2215 (Ley de Menores). Celebrada la debida vista, la Sala de Menores declaró con lugar la moción sobre renuncia de jurisdicción. La resolución fue notificada el 23 de junio de 2010. Inconforme con esta determinación del Tribunal de Menores, la defensa de la menor presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Este recurso, según certificó la representación legal de la peticionaria al final del escrito, fue notificado a la Secretaría de la Sala de Familia y Menores del Tribunal de Primera Instancia de Fajardo, al Procurador de Menores de Fajardo y a la Procuradora General.

El 9 de agosto de 2010, el Tribunal de Apelaciones notificó una resolución mediante la cual desestimó, por falta de jurisdicción, el *certiorari* presentado por la representación legal de la menor. El foro apelativo determinó que no podía considerar el recurso pues la peticionaria no cumplió con los requisitos de notificación dispuestos en el Reglamento del Tribunal de Apelaciones; en específico, la peticionaria no ofreció constancia de haber notificado el recurso al Fiscal de Distrito de Fajardo ni al Tribunal de Primera Instancia, Sala Superior de lo Criminal, en Fajardo, siendo este el foro que habría de entender en el caso luego de que el Tribunal de Menores renunciara a su jurisdicción. La peticionaria solicitó reconsideración, pero el foro apelativo se la denegó.

Insatisfecha, la peticionaria presentó ante nos un recurso de *certiorari* mediante el cual nos solicita que revoquemos la decisión del Tribunal de Apelaciones de

desestimar el recurso presentado por ella ante ese foro. En esencia, la peticionaria alega que el foro apelativo intermedio erró (1) al no considerar que, en este caso, se cumplieron con todos los requisitos de notificación establecidos en las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A (2004 & Supl. 2011), y (2) al no acoger el recurso de *certiorari* como uno de apelación, obviando así el hecho de que la resolución mediante la cual el Tribunal de Menores renunció a su jurisdicción puso fin a los procedimientos ante ese foro especializado.

Examinado el escrito de la peticionaria, expedimos un mandamiento de *certiorari* dirigido al Tribunal de Apelaciones para que remitiera los autos originales del caso o copia certificada de estos. Ambas partes han presentado sus alegatos; estamos en posición de resolver.

II.

La Ley de Menores reglamenta los procedimientos en aquellos casos en que un menor de edad incurre en conducta constitutiva de delito, según tipificada en el Código Penal o en alguna ley especial. Se trata de "un estatuto de carácter <u>procesal</u> que atiende la minoridad del ofensor para ofrecerle un tratamiento individualizado, que esté atemperado a sus necesidades especiales, con el fin de obtener su eventual rehabilitación". <u>Pueblo v. Ríos Dávila</u>, 143 D.P.R. 687, 700 (1997). Sobre la naturaleza de los procedimientos que se rigen por la Ley de Menores, es un principio establecido que estos son de naturaleza *sui generis* y no criminal, aun cuando atienden conducta

constitutiva de delito según definida por las leyes penales. Véase: Art. 37(a) de la Ley de Menores, 34 L.P.R.A. sec. 2237(a); Pueblo en interés menor C.Y.C.G., 180 D.P.R. 555, 569 (2011); Pueblo en interés menores C.L.R. y A.V.L., 178 D.P.R. 315, 325 (2010); Pueblo en interés menor A.L.G.V., 170 D.P.R. 987, 996 (2007); Pueblo en interés menor G.R.S., 149 D.P.R. 1, 12 (1999); Pueblo en interés menor N.O.R., 136 D.P.R. 949, 955 (1994). Por su parte, las Reglas de Procedimiento para Asuntos de Menores, *supra*, son el cuerpo de normas que gobierna los procedimientos en todos los asuntos cubiertos por la Ley de Menores.[2] Estas Reglas deben ser interpretadas de acuerdo a los propósitos de la Ley de Menores y de modo que garanticen una solución justa, rápida y económica de todos los asuntos.[3] Regla 1.2 de Procedimiento para Asuntos de Menores, íd.

Tanto la Ley de Menores como las Reglas de Procedimiento para Asuntos de Menores contienen disposiciones sobre el proceso de apelación de órdenes y

---

[2] Las Reglas fueron adoptadas por este Tribunal Supremo al amparo del Art. 38 de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como la Ley de Menores, 34 L.P.R.A. sec. 2238 (Ley de Menores), y aprobadas por la Asamblea Legislativa mediante la Ley Núm. 33 de 19 de junio de 1987, 1987 Leyes de Puerto Rico 112.

[3] El Art. 2 de la Ley de Menores, 34 L.P.R.A. sec. 2202, dispone que ese estatuto ha de ser interpretado conforme a los siguientes propósitos:

    (a)    Proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad.

    (b)    Proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos.

    (c)    Garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales.

    (d)

resoluciones emitidas por un tribunal o sala de menores.[4] En específico, el Art. 36 de la Ley de Menores, 34 L.P.R.A. sec. 2036 (Supl. 2011), establece que:

> La orden o resolución final dictada por el juez en relación con cualquier menor bajo las disposiciones de este capítulo podrá apelarse ante el Tribunal de Apelaciones de Puerto Rico. Las órdenes y resoluciones interlocutorias podrán ser revisadas ante el Tribunal de Apelaciones de Puerto Rico mediante recurso de *certiorari*. La orden, resolución o sentencia del Tribunal de Apelaciones podrá ser revisada por el Tribunal Supremo mediante recurso de *certiorari*. En la interpretación de estos recursos deberán regir las reglas adoptadas por el tribunal correspondiente. La interposición de la apelación no suspenderá los efectos de cualquier orden del juez en relación con el menor, a menos que el tribunal decrete lo contrario.

Este artículo halla su complemento en la Regla 9.1 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A (Supl. 2011). En lo pertinente, esta regla establece que:

> (1) Las órdenes y resoluciones finales dictadas por el Tribunal de Primera Instancia de conformidad con [la Ley de Menores] podrán ser apeladas ante el Tribunal de Circuito de Apelaciones, excepto cuando la resolución final se base en una alegación del menor admitiendo los hechos, en cuyo caso procederá únicamente el recurso de *certiorari* a ser expedido por el Tribunal de Circuito de Apelaciones a su discreción. Las órdenes y resoluciones interlocutorias podrán ser revisadas ante el Tribunal de Circuito de Apelaciones mediante recursos de *certiorari* promovido por el menor o el Procurador. En la interposición de estos recursos deberán regir las reglas adoptadas por el Tribunal Supremo de Puerto Rico, sujeto a las siguientes normas:
> (a) …
> (b)(i) La apelación se formalizará presentando un escrito de apelación conforme a lo dispuesto en la "Ley de la Judicatura del 2003",

---

[4] Cuando decimos "tribunal o sala de menores", nos referimos a cualquier Sala del Tribunal de Primera Instancia que ejerza su autoridad al amparo de la Ley de Menores. Véase el Art. 3(u) de la Ley de Menores, 34 L.P.R.A. sec. 2203(u).

secs. 24 a 25r del Título 4, y dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. (…)

(ii) El recurso de *certiorari* de una resolución final dictada por el Tribunal de Primera Instancia a base de una alegación del menor admitiendo los hechos, se formalizará presentado un recurso o petición de *certiorari* conforme a lo dispuesto en la "Ley de la Judicatura del 2003", secs. 24 a 25r del Título 4, y dentro de los (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. (…)

(iii) La solicitud de *certiorari* para revisar las órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia se formalizará presentando un escrito de *certiorari* conforme a lo dispuesto en la "Ley de la Judicatura del 2003", secs. 24 a 25r del Título 4, y dentro de los (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. (…)

(iv) El escrito de apelación o *certiorari* se notificará al Procurador General de Puerto Rico directamente y al Procurador para Asuntos de Menores, y en su caso al menor y al director del organismo público o privado bajo cuya custodia se encontrare el menor y a cualquier parte interventora. También se notificará el escrito al tribunal recurrido o al [Tribunal de Apelaciones], según corresponda dependiendo del lugar de su presentación y de acuerdo a lo dispuesto en el Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado, conocido como la "Ley de la Judicatura de 1994". La falta de notificación del escrito al tribunal correspondiente o a las partes será motivo para la desestimación del recurso.[5] (Énfasis suplido.)

La citada Regla 9.1 de Procedimiento para Asuntos de Menores es clara. Un menor que, mediante recurso de apelación o de *certiorari* presentado ante el Tribunal de

_____

[5] Es de notar que si bien los citados incisos (1)(b)(i-iii) se refieren a la Ley de la Judicatura de 2003 y al Tribunal de Apelaciones, el inciso (1)(b)(iv) todavía se refiere a la anterior Ley de la Judicatura de 1994 y al antiguo Tribunal de Circuito de Apelaciones. Esta discrepancia se debe a que, en el 2010, la Asamblea Legislativa enmendó la Regla 9.1 de Procedimiento para Asuntos de Menores en lo que se refiere a la notificación y registro de sentencias. Véase la Ley Núm. 21 de 26 de febrero de 2010. Tal enmienda afectó los incisos (1)(b)(i-iii), los cuales fueron actualizados, mas no así el inciso (1)(b)(iv), que no sufrió cambios en su redacción.

Apelaciones, recurra de una orden o resolución de una Sala de Menores deberá notificar el escrito a: (1) el Procurador General, directamente; (2) al Procurador de Asuntos de Menores, y (3) al tribunal recurrido.

Estos requisitos de notificación son ligeramente distintos a los requisitos dispuestos en el Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B (2002 & Ap. 2011). En lo que se refiere a recursos de *certiorari* para revisar sentencias emitidas en casos civiles y criminales, la Regla 33 del Tribunal de Apelaciones establece que la parte peticionaria deberá (1) "notificar copia de la cubierta o de la primera página del recurso debidamente sellada con la fecha y la hora de su presentación a la Secretaría del Tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud", y (2) "notificará la solicitud de *certiorari* […] a los abogados(as) de récord, o en su defecto, a las partes, así como al Procurador(a) General y al(a la) Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso". Íd.

En el caso de marras, el Tribunal de Apelaciones, al amparo de la Regla 33 de ese foro, íd., desestimó el recurso de *certiorari* presentado por la peticionaria. Esto, porque no se notificó el recurso al Fiscal de Distrito de Fajardo y al Tribunal de Primera Instancia, Sala Superior de lo Criminal. En oposición, la peticionaria señala que el Tribunal de Apelaciones erró al así resolver pues no advirtió que la Regla 9.1 de Procedimiento para Asuntos de

Menores, *supra*, gobierna la presentación y notificación de recursos apelativos en casos de menores.

### III.

Este caso plantea una interrogante muy sencilla: ¿cuál es el cuerpo de normas procesales que rige la presentación y notificación de recursos para apelar o revisar órdenes o resoluciones emitidas <u>al amparo de la Ley de Menores</u>? ¿El reglamento del foro apelativo correspondiente (en este caso, el Tribunal de Apelaciones) o las Reglas de Procedimiento para Asuntos de Menores?

El Reglamento del Tribunal de Apelaciones gobierna la presentación y notificación de recursos para apelar y revisar sentencias y resoluciones dictadas por el Tribunal de Primera Instancia <u>en casos civiles y criminales</u>. Véanse las Reglas 14, 24 y 33 del Tribunal de Apelaciones, *supra*. Sin embargo, nada dispone sobre la presentación de recursos para apelar o revisar órdenes o resoluciones <u>emitidas en procedimientos de menores</u>, los cuales, hemos indicado ya, son de carácter *sui generis* y no criminales. En cambio, la Ley de Menores y las Reglas de Procedimiento para Asuntos de Menores, estas últimas aprobadas al amparo de la primera, contienen disposiciones que, de forma expresa, atienden la presentación y notificación de recursos para apelar dictámenes emitidos al amparo de la Ley de Menores. Véanse la Sec. 36 de la Ley de Menores, *supra*, y la Regla 9.1 de Procedimiento de Asuntos de Menores, *supra*. En vista de que el Reglamento del Tribunal de Apelaciones es silente en cuanto a los recursos para apelar o revisar dictámenes

emitidos por una Sala de Menores y de que existe un cuerpo especial de normas que atiende específicamente tales situaciones, no hay duda de que la presente controversia se rige por la Ley de Menores y, con carácter especial, por las Reglas de Procedimiento para Asunto de Menores.

Ahora bien, al acudir a la Regla 9.1 de Procedimiento para Asuntos de Menores, íd., nos encontramos con el siguiente postulado: "En la interposición de [los recursos para apelar o revisar órdenes y resoluciones emitidas al amparo de la Ley de Menores] deberán regir las reglas adoptadas por el Tribunal Supremo de Puerto Rico, sujeto a la siguientes normas". Íd. Una de esas normas es la contenida en el ya citado inciso (1)(a)(iv) de la Regla 9.1 de Procedimiento para Asuntos de Menores:

> El escrito de apelación o *certiorari* se notificará al Procurador General de Puerto Rico directamente y al Procurador para Asuntos de Menores, y en su caso al menor y al director del organismo público o privado bajo cuya custodia se encontrare el menor y a cualquier parte interventora. También se notificará el escrito al tribunal recurrido o al [Tribunal de Apelaciones], según corresponda dependiendo del lugar de su presentación y de acuerdo a lo dispuesto en [la Ley de la Judicatura].

De lo anterior, podemos colegir que, como regla general, la interposición de los recursos para apelar o revisar dictámenes de una Sala de Menores se rige por el reglamento del foro apelativo correspondiente. Ahora bien, esta regla está sujeta a que se observen ciertas normas especiales. Una de ellas es que se cumpla con los requisitos de presentación y notificación recogidos en la Regla 9.1 de Procedimiento de Asuntos de Menores.

Aunque lo ya señalado sería suficiente para disponer de la controversia planteada, una mirada más profunda a la Ley de Menores corrobora nuestra posición. El Art. 17 de la Ley de Menores, 34 L.P.R.A. sec. 2217, establece las pautas para el traslado de un caso al tribunal de adultos en las situaciones en que el Tribunal de Menores renuncie a su jurisdicción. Este artículo dispone que:

> Si el Juez considerare que existen razones para renunciar la jurisdicción, dictará resolución fundamentada y ordenará el traslado del caso para que se tramite como si se tratara de un adulto.
> Con la orden dando traslado del asunto se acompañarán las declaraciones, evidencia, documentos y demás información en poder del Tribunal, excepto aquellas que de acuerdo con este capítulo y las Reglas de Procedimiento para Asuntos de Menores, Ap. I-A de este título, sean de carácter confidencial.
> La notificación de la renuncia, que el secretario del Tribunal [de Menores] enviará al fiscal del distrito o a la autoridad competente, no contendrá copia de la resolución dictada en el caso.
> El Procurador será responsable de que el menor sea conducido de inmediato a las autoridades pertinentes para que se inicien los procedimientos en la jurisdicción ordinaria. (Énfasis suplido.)[6]

Según esta disposición, cuando una Sala de Menores renuncia a su jurisdicción, esta debe remitir el expediente

---

[6] En igual sentido, véase la Regla 4.5 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A (2004 & Ap. 2011). Véase, además, la Regla 24(d) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sobre los efectos de una determinación de renuncia de jurisdicción en un procedimiento para asuntos de menores. Esta regla dispone que:

> [c]uando el expediente fuere remitido a la secretaría de la Sección de Distrito del Tribunal de Primera Instancia en virtud de una resolución del tribunal renunciando a la jurisdicción sobre un menor, el secretario deberá referir el mismo inmediatamente al fiscal de distrito. El fiscal deberá presentar la acusación que proceda en el término de quince (15) días a partir del recibo de la notificación de renuncia. (Énfasis suplido.)

a la secretaría del Tribunal de Menores. Esta última es quien deberá notificar la renuncia de jurisdicción al fiscal de distrito.[7] Esa notificación, sin embargo, no contendrá copia de la resolución dictada en el caso, la cual es confidencial y permanecerá en el expediente del menor en la secretaría del Tribunal de Menores.[8]

Lo anterior pone al descubierto lo contraproducente que sería requerirle a la representación legal de un menor que notifique al Fiscal de Distrito cualquier recurso apelativo dirigido a que el Tribunal de Apelaciones revise la decisión de una Sala de Menores de renunciar a su jurisdicción. Puesto que el recurso apelativo contendría necesariamente una copia de la resolución detallada emitida por el Tribunal de Menores, notificárselo al Fiscal de Distrito vulneraría el carácter confidencial de la resolución y frustraría el esfuerzo legislativo por limitar el acceso del Ministerio Público a su contenido.

Algo similar ocurriría si se le requiriese a la defensa que notifique su recurso a la Sala Criminal del Tribunal de Primera Instancia, a la que se trasladaría el caso. Bajo este supuesto, existiría el riesgo de que el juez de instancia prejuzgue la culpabilidad del menor a ser enjuiciado como adulto, influenciado por el contenido

---

[7] A su vez, el Fiscal de Distrito es el responsable de que, una vez la Sala de Menores, renuncie a su jurisdicción, se tomen las acciones correspondientes para iniciar los procedimientos en la jurisdicción ordinaria. Art. 17 de la Ley de Menores, 34 L.P.R.A. sec. 2217.

[8] Sobre este particular, véanse: Art. 37(d) de la Ley Menores, *supra*, 34 L.P.R.A. sec. 2237(d); Reglas 10.1-10.3 de Procedimiento para Asuntos de Menores, *supra*. Véase, además: D. Nevares Muñiz, Derecho de Menores: delincuente juvenil y menor maltratado, 6ta ed.rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2009, pág. 35.

íntimo de la resolución emitida por la Sala de Menores.[9] Estas consideraciones fortalecen nuestra posición de que los requisitos de notificación que se deben observar en circunstancias como las del presente caso son los recogidos en las Reglas de Procedimiento para Asuntos de Menores.

En suma, resolvemos que la presentación y notificación de recursos, ya sean de apelación o de *certiorari*, para apelar o revisar órdenes y resoluciones emitidas al amparo de la Ley de Menores se rigen por la Regla 9.1 de Procedimiento para Asuntos de Menores, *supra*. Por consiguiente, concluimos que el Tribunal de Apelaciones erró al desestimar el recurso de la peticionaria por el fundamento de que incumplió con los requisitos de notificación plasmados en la Regla 33 del Reglamento de ese foro, *supra*, al no notificar su recurso apelativo al Fiscal de Distrito y a la Sala Criminal del Tribunal de Primera Instancia. En vista de que la representación legal de la peticionaria cumplió con los requisitos de notificación recogidos en la referida Regla 9.1 de Procedimiento para Asuntos de Menores, *supra*, el foro apelativo intermedio tiene jurisdicción para atender el recurso.

Como segundo y último señalamiento de error, la parte peticionaria arguye que el Tribunal de Apelaciones incidió al no acoger su petición de *certiorari* como un recurso de

---

[9] Ahora bien, no queda claro por qué el Tribunal de Apelaciones entendió que la peticionaria debía notificar a la Sala Criminal del Tribunal de Primera Instancia en Fajardo. La Regla 33 de ese foro solo requiere notificar al tribunal recurrido, a los abogados de récord y, en casos criminales, al Procurador General y al Fiscal de Distrito. 4 L.P.R.A. Ap. XXII-B. En este caso, el tribunal recurrido es la Sala de Menores.

apelación. Esto, pues la resolución del Tribunal de Menores puso fin a los procedimientos ante ese foro y, por consiguiente, goza de las características de una sentencia final. La peticionaria tiene razón. Ya, en Pueblo ex rel. R.S.R., 121 D.P.R. 293, 299 (1988), resolvimos que una resolución mediante la cual se declara con lugar una solicitud de renuncia de jurisdicción presentada por el Procurador de Menores pone fin a los procedimientos en el foro de menores, por lo que goza de las características de una sentencia, entendida esta última como cualquier determinación judicial que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse o solicitarse revisión. Por consiguiente, el recurso apropiado para cuestionar tal determinación es el recurso de apelación.

Por los fundamentos expuestos, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso a ese foro para que acoja el recurso de la peticionaria como uno de apelación y, así acogido, lo considere en sus méritos.

Se dictará sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
en interés de la menor
S.M.R.R.

CC-2011-0037      *Certiorari*

SENTENCIA

San Juan, Puerto Rico, a 13 de abril de 2012.

Por los fundamentos expuestos, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso a ese foro para que acoja el recurso de la peticionaria como uno de apelación y, así acogido, lo considere en sus méritos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo, Interina