La Jueza Asociada Señora Pabón Charneco
emitió la opinión del Tribunal.
Con el propósito de cumplir con el deber de examinar nuestra jurisdicción y la de los tribunales inferiores, estu-diamos la Ley Núm. 88 de 9 de julio de 1986, según enmen-dada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2202 et seq., y la Regla 9.1 de Procedimiento *355 para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, a la luz de los cambios incorporados a esa Regla por la Ley Núm. 21-2010.
Concluimos que la Ley Núm. 21-2010(1) no afecta nuestras expresiones en Pueblo en interés menor J.M.R., 147 D.P.R. 65 (1998) (per curiam), ni Pueblo ex rel. R.S.R., 121 D.P.R. 293 (1988). Es decir, como regla general el término jurisdiccional para apelar una orden o resolución dictada al amparo de la Ley Núm. 88, supra, es de treinta (30) días, siguientes a la fecha cuando se dictó la resolución del caso. Pueblo en interés menor J.M.R., supra. Asimismo, cuando el menor perjudicado por la resolución no conoce su contenido hasta que le es notificada por correo, el término para apelar comienza a cursar tras la certificación de la notificación a las partes por la Secretaría del tribunal. Pueblo ex rel. R.S.R., supra.
Sin embargo, la Ley Núm. 21-2010 aclara que cuando los términos cursan a partir de la fecha de archivo en autos de copia de la notificación de una resolución u orden y esta es distinta a la de su depósito en el correo, el término se calculará a partir de la fecha del depósito. Por lo tanto, esta enmienda a la Regla 9.1 de Procedimiento para Asun-tos de Menores, supra, aplica a aquellos casos excepciona-les reconocidos en Pueblo ex rel. R.S.R., supra.
I
El Procurador de Asuntos de Menores presentó cargos contra el menor EALN (en adelante peticionario o menor) por violación al Art. 3.23(a) de la Ley Núm. 22-2000, según enmendada, conocida como Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 5073; al Art. 15 de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como *356 Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3214, y a la Ley Núm. 253-1995, conocida como Ley de Seguro de Responsabilidad Obligatorio para Vehículos de Motor, 26 L.P.R.A. sec. 8051 et seq.(2)
El 19 de agosto de 2010 se determinó causa contra el menor por las primeras dos (2) faltas, mas no por la viola-ción a la Ley Núm. 253-1995, supra. Así las cosas, el 7 de septiembre de 2010 se celebró la vista adjudicativa. A esta compareció el menor acompañado por su padre, su abuela y su representante legal. El peticionario hizo alegación de “no incurso”.
Tras concluir la presentación de la prueba del Procura-dor de Asuntos de Menores(3) y sin que ninguna de las par-tes argumentara, el tribunal encontró al menor incurso en ambas faltas. Además, le impuso la medida dispositiva de doce (12) meses por la infracción a la Ley Núm. 8, supra, y seis (6) meses por la violación a la Ley Núm. 22-2000, supra, a cumplirse de manera consecutiva entre sí bajo la custodia de la Administración de Instituciones Juveniles. La Sentencia fue reducida a escrito el 30 de septiembre de 2010.
El 14 de octubre de 2010, el peticionario presentó ante el Tribunal de Apelaciones su escrito de apelación. Señaló que no se probó más allá de duda razonable todos los ele-mentos del delito y que hubo ausencia total del elemento *357 de a sabiendas de que había sido hurtado ilegalmente”. (4) Asimismo, el 22 de octubre de 2010, el peticionario compa-reció nuevamente para aclarar que el término para presen-tar la apelación vencía el 30 de octubre de ese año en con-formidad con la Ley Núm. 21-2010.
Posteriormente, el Tribunal de Apelaciones revocó la sentencia en cuanto a la infracción al Art. 15 de la Ley Núm. 8, supra. Inconforme, el Procurador General pre-sentó una moción de reconsideración el 23 de mayo de 2011. Tras evaluar la posición de la defensa, el Tribunal de Apelaciones emitió una sentencia en reconsideración el 29 de septiembre de 2011 en la que confirmó la determinación recurrida.
Inconforme, el 25 de octubre de 2011 el peticionario re-currió ante nos para señalar los mismos errores por los que acudió al foro apelativo intermedio.
Examinado el recurso, acordamos expedir. Contando con el beneficio de la comparecencia de ambas partes, pro-cedemos a resolver.
J — I 1 — 1
Antes de examinar los errores señalados, debemos cum-plir con el deber de estudiar si poseemos jurisdicción para adjudicar el caso de autos. En vista de que las cuestiones relativas a la jurisdicción son de naturaleza privilegiada, estas deben ser resueltas con preferencia a cualquier otro asunto a pesar de que las partes no nos lo hayan plan-teado, e incluso en cuanto a la autoridad de los tribunales inferiores. Ponce Fed. Bank v. Chubb Life Ins. Co., 155 D.P.R. 309, 332 (2001). Esto pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tene- *358 mos discreción para asumirla donde no la hay. Cruz Parrilla v. Depto. Vivienda, 184 D.P.R. 393 (2012); Dávila Pollock et als. v. R.F. Mortgage, 182 D.P.R. 86 (2011).
A esos efectos, hemos enfatizado que los términos de apelación —tanto en casos civiles, penales o de meno-res— establecen la jurisdicción de los tribunales apelativos. Pueblo en interés menor supra, págs. 74-75. Al constituir términos jurisdiccionales, estos son fa-tales, improrrogables e insubsanables. Por ende, una vez transcurren el tribunal o la agencia estatal pierde jurisdic-ción para atender el asunto ante su consideración. Peerless Oil v. Hnos. Torres Pérez, 186 D.P.R. 239 (2012); Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1 (2000); Pueblo en interés menor J.M.R., supra.
Examinemos, entonces, las disposiciones que nos confie-ren jurisdicción sobre el caso de autos.
A. Los procedimientos investigativos, judiciales y ejecutivos de menores de dieciocho (18) años de edad que incurren en conducta constitutiva de delito —según tipificada en el Código Penal y demás leyes especiales— se rigen por las disposiciones de la Ley Núm. 88, supra, así como por las Reglas de Procedimiento para Asuntos de Menores. Estas fuentes crean el esquema jurídico aplicable a los procedimientos de menores.(5) Pueblo en interés me-nor C.Y.C.G., 180 D.P.R. 555 (2011); Pueblo en interés me-nor G.R.S., 149 D.P.R. 1, 14 (1999).
Por su parte, la Ley Núm. 88, supra, reconoce un *359 Sistema de Justicia Juvenil de carácter especial, pero es-tablece un enfoque filosófico que brinda al menor toda oportunidad rehabilitativa, a la vez que le exige responsa-bilidad por sus actos.(6) A pesar de la naturaleza sui géne-ris de los procedimientos de menores, se le han extendido a estos los derechos procesales fundamentales reconocidos a los adultos por mandato constitucional. Por ello, las Reglas de Procedimiento para Asuntos de Menores “siguen funda-mentalmente las disposiciones de las Reglas de Procedi-miento Criminal que regulan... los procedimientos crimi-nales contra los adultos”. (Énfasis suprimido). Pueblo en interés menor G.R.S., supra, pág. 14, citando a Pueblo en interés menor R.G.G., 123 D.P.R. 443, 463 (1989).
En cuanto a la apelación, el Art. 36 de la Ley Núm. 88(7) dispone que la orden o resolución dictada a su amparo podrá apelarse ante el Tribunal de Apelaciones. A su vez, la determinación correspondiente podrá ser revi-sada por este Tribunal mediante el recurso de certiorari. Por otro lado, la Regla 9.1(l)(b)(i) de Procedimiento para Asuntos de Menores, supra, establece un término jurisdic-cional de treinta (30) días para apelar la orden o resolución dictada. Empero, ¿cuándo comienza a cursar el término de treinta (30) días para apelar las resoluciones que imponen a un menor una medida dispositiva?
No es la primera vez que examinamos el término pro-visto por la Regla 9.1 de Procedimiento para Asuntos de Menores, supra. Sin embargo, hoy examinamos este pre-cepto tras la enmienda sufrida por la Ley Núm. 21-2010, supra. Anteriormente hemos computado este plazo según el texto claro de la regla: el término es de “treinta (30) días siguientes a la fecha en que se dictó la resolución que dis-puso del caso”. 34 L.P.R.A. Ap. I-A, R. 9.1. Ello, a pesar de que se emita posteriormente por escrito y se notifique por *360 correo a las partes. H.A. Sánchez Martínez, Derecho proce-sal apelativo, San Juan, Ed. Lexis-Nexis, 2001, pág. 86. Sin embargo, excepcionalmente se utiliza la fecha del ar-chivo en autos del dictamen. Id.
Así, en Pueblo ex reí. R.S.R., supra, nos expresamos por primera vez sobre la Ley Núm. 88, supra, y sobre el término para presentar un escrito de apelación a su amparo. Particularmente, examinamos desde cuándo comienza a contar el término para acudir en apelación ante un dictamen en el que el Tribunal de Menores renunció a su jurisdicción. Entonces, la Regla 9.1 de Procedimiento para Asuntos de Menores, supra, disponía de un término de veinte (20) días “siguientes a la fecha en que se dictó la resolución que dispuso del caso” para presentar el escrito de apelación en la Secretaría de la sala del tribunal que dispuso del caso y para instar copia del escrito a la Secretaría del tribunal apelativo.(8) En ese caso el apelante instó su escrito a tiempo mas no presentó copia del recurso ante el tribunal apelativo. Aunque reconocimos la similitud de la Regla 9.1 de Procedimiento para Asuntos de Menores, supra, con la Regla 194 de Procedimiento Criminal vigente, 34 L.P.R.A. Ap. II, señalamos, a su vez, una importante diferencia con efectos de debido proceso de ley: de ordinario, la Sala de Asuntos de Menores renuncia a la jurisdicción sobre un menor mediante resolución por escrito y fuera de la presencia del menor y su representante. Es por ello que cuando un menor perjudicado por una Resolución y su abogado no se enteran de su contenido hasta que se emite por escrito, el término para apelar provisto por la Regla 9.1 de Procedimiento para Asuntos de Meno- *361 res, supra, comienza a transcurrir desde la fecha en que la Secretaría de la Sala de Asuntos de Menores certificó ha-ber notificado a las partes, o, en los casos apropiados, desde la fecha cuando se hace la notificación personal-mente. Esto para no propiciar que se afecte de manera intolerable el derecho de apelación cuando el tribunal se re-serva el contenido de la Resolución.
Diez (10) años más tarde tuvimos la oportunidad de ex-presarnos nuevamente sobre la Regla 9.1 de Procedimiento para Asuntos de Menores, supra. Para entonces esta había sido enmendada para atemperarla a la Ley Núm. 1 de 28 de julio de 1994, conocida como Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 et al.), y concedía un término jurisdiccional de treinta (30) días para apelar.(9) En Pueblo en interés menor J.M.R., supra, un menor pre-sentó un recurso de apelación diecinueve (19) días después de que la resolución emitida fuera notificada por correo. Sin embargo, el escrito fue presentado treinta y un (31) días después de haberse dictado la medida dispositiva en corte abierta. En la vista dispositiva estuvo presente el me-nor, su abogado y su custodio legal.
Al examinar la Regla 9.1, entonces vigente, señalamos que el término comenzaba a contarse desde la fecha cuando se dictó la resolución que dispuso del caso, puesto que el menor estuvo acompañado por su representante legal al momento de la imposición de la medida dispositiva. Aclaramos que, cuando el menor es informado en corte abierta de la medida dispositiva impuesta, no hay justifi-cación para que aplique la excepción reconocida en Pueblo ex rel. R.S.R., supra.
*362 No obstante, a principios del 2010, la Regla 9.1 de Procedimiento para Asuntos de Menores, supra, fue nuevamente enmendada
... a los efectos de establecer que los términos que se calculen a partir del archivo en autos de copia de la notificación de la sentencia, resolución u orden, comenzarán a correr a partir del depósito en el correo de la notificación de la resolución u or-den, cuando esta fecha sea distinta a la del archivo en autos. (Énfasis suplido). Título, Ley Núm. 21-2010.
Esto, pues este beneficio no se había hecho extensivo a los casos penales o de menores con la promulgación de la Ley Núm. 40-1999 (34 L.P.R.A. Ap II). Sánchez Martínez, op.cit. En lo pertinente al caso de autos, la Regla 9.1(l)(b)(i) de Procedimiento para Asuntos de Menores, supra, aplicable indica:
Las órdenes y resoluciones finales dictadas por el Tribunal de Instancia... podrán ser apeladas ante el Tribunal de Cir-cuito de Apelaciones... En la interposición de estos recursos deberán regir las reglas adoptadas por el Tribunal Supremo de Puerto Rico, sujeto a las siguientes normas:
(b)(i) La apelación se formalizará presentando un escrito de apelación conforme a lo dispuesto en la “Ley de la Judicatura de 2003”, sees. 24 a 25r del Título 4, y dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. Este término es jurisdiccional.
Si la fecha de archivo en autos de copia de la notificación de la resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. VER Art. 4.06 Ley Judicatura 2003 [sic]. (Énfasis suplido).
A través de esta enmienda, la Asamblea Legislativa hizo hincapié de que es imprescindible la pronta y correcta no-tificación a las partes de cualquier sentencia, resolución u orden judicial cuyo archivo en autos de copia de la notifi-cación genere los términos para solicitar su revisión ante los foros apelativos. Exposición de Motivos, Ley Núm. 21-2010. De esta forma, la Asamblea Legislativa aclaró el al- *363 canee de los términos establecidos en la Regla 9.1 de Pro-cedimiento para Asuntos de Menores, supra, al amparo de nuestras expresiones en Martínez, Inc. v. Abijoe Realty Corp., supra, con la intención de proteger los derechos de la parte afectada por la demora en la notificación cuando los términos comienzan a cursar tras el archivo en autos de copia de la resolución.(10)
No obstante, del texto de la Ley Núm. 21-2010 no surge expresión ni intención alguna de la Asamblea Legislativa de modificar su claro mandato de que el término jurisdiccional comienza a cursar “dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso” ni de modificar nuestras expresiones en Pueblo en interés menor J.M.R., supra, y Pueblo ex rel. R.S.R., supra.
Tal como dispone el Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14, “[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospre-ciada bajo el pretexto de cumplir su espíritu”. Por lo tanto, la enmienda no modifica la regla general. Nuestras inter-pretaciones en Pueblo en interés menor J.M.R., supra, y Pueblo ex reí. R.S.R., supra, siguen vigentes. No obstante, cuando el menor, su representación legal y su custodio legal no estuvieran presentes en el momento cuando se emi-tió la resolución, el término se contará desde el archivo en *364 autos de copia de la notificación de la resolución. Ahora bien, cuando la fecha de depósito en el correo sea distinta a la del archivo en autos, el término se calculará a partir de la fecha del depósito.
h-1 HH
Como señaláramos, el 7 de septiembre de 2010 se cele-bró la vista adjudicativa. Ese mismo día se encontró al menor incurso en ambas faltas y se le impusieron las me-didas dispositivas pertinentes en presencia de este, su padre, su abuela y su representación legal. La Sentencia fue reducida a escrito y notificada el 30 de septiembre de 2010. Sin embargo, no fue hasta el 14 de octubre de 2010 que el peticionario presentó su escrito de apelación. Como conse-cuencia, el menor presentó un escrito de apelación treinta y siente (37) días después de dictada la resolución, pero tan solo catorce (14) días desde que fuera notificada. Sin embargo, mediante una comparecencia posterior sostuvo que el término para presentar la apelación vencía el 30 de oc-tubre de ese año en conformidad con la Ley Núm. 21-2010.
Dado que en el caso de autos el peticionario, su padre, su abuela y su abogada fueron notificados en sala de la adjudicación y disposición del caso el 7 de septiembre de 2010, el término para presentar la apelación comenzó a transcurrir desde la fecha en que se dictó. Asimismo, el término para instar la apelación venció el 7 de octubre de 2010. Por lo tanto, el recurso fue presentado tardíamente. En vista de ello, concluimos que el foro apelativo carecía de jurisdicción para atender el caso.
IV
Por los fundamentos expuestos, se revoca el dictamen recurrido y se desestima el recurso de apelación presentado ante el Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

 34 L.P.R.A. Ap. I-A.

 Al menor se le imputó que “ilegal, voluntaria y maliciosamente, TENIA, POSEIA Y/O DISPONIA en su poder un vehículo de motor (motora)... el cual había sido notificado hurtado el día 9 de [m]ayo de 2010”. Queja Núm. QUC10-336 de 29 de julio de 2010. De igual forma, se le imputó que “ilegal, voluntaria y criminalmente conducía un vehículo de motor (motora)... siendo este menor de 18 años y SIN ES-TAR AUTORIZADO por el Honorable Secretario de Transportación y Obras Públicas a conducir vehículos de motor por las vías públicas de Puerto Rico”. Queja Núm. QUC10-337 de 29 de julio de 2010.

 El Procurador de Asuntos de Menores presentó los testimonios del Sr. Andy L. Vázquez Adorno, la Sra. May L. Vázquez Adorno, el agente Ercilio Nieves López y la agente Marie Martínez Figueroa. Apéndice de la Petición de certiorari, págs. 17-19.

 Apéndice de la Petición de certiorari, pág. 25. También apuntó como error que el tribunal no acogiera la solicitud oral de reconsideración previo a determinar la medida dispositiva.

 La Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2201 et seq., así como las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, se deben interpretar de acuerdo con los propósitos siguientes: (1) proveer para el cuidado, la protección, el desarrollo, la habilitación y la rehabilitación de los menores y proteger el bienestar de la comunidad; (2) proteger el interés público tratando a los menores como perso-nas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos, y (3) garantizar a todo menor un trato justo, el debido procedimiento de ley, y el reconocimiento de sus derechos constitucionales. 34 L.P.R.A. sec. 2204. Asimismo, se interpretarán de forma que garanticen una solución justa, rápida y económica de todos los asuntos. 34 L.P.R.A. Ap. I-A, R. 1.2.

 Sobre el desarrollo del sistema de justicia juvenil en Puerto Rico, véase Pueblo en interés menor C.Y.C.G., 180 D.P.R. 555 (2011).

 34 L.P.R.A. sec. 2236.

 La Regla 9.1 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R. 9.1(b) (ed. 1991), aplicable al caso disponía, en lo pertinente, que:
“La apelación se formalizará presentando un escrito de apelación en la secreta-ria de la sala del Tribunal que entendió en el caso dentro de los veinte (20) días siguientes a la fecha en que se dictó la resolución que dispuso del caso y se deberá presentar o remitir por correo certificado copia de dicho escrito a la secretaría del Tribunal Supremo dentro del referido término”.

 La Regla 9.1(b)(1) de Procedimiento para Asuntos de Menores, según enmen-dada por la Ley Núm. 88 de 27 de julio de 1996, disponía que:
“La apelación se formalizará presentando un escrito de apelación conforme a lo dispuesto en el Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado [4 L.P.R.A. secs. 22 a 23n]; conocido como la ‘Ley de la Judicatura de 1994’, y dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. Este término es jurisdiccional”. 1996 Leyes de Puerto Rico 412.

 En Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1 (2000), examinamos el alcance de la Ley Núm. 40-1999 en la Regla 46 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). Esa ley buscaba salvaguardar los derechos apelativos de las partes en aquellos casos en los que la notificación postal no coincide con el archivo en autos del dictamen. Martínez, Inc. v. Abijoe Realty Corp., supra. Particularmente, analiza-mos la importancia de la notificación simultánea de sentencias, resoluciones u órde-nes que generan términos para su revisión. La simultaneidad en estos casos está justificada en los requerimientos del debido proceso de ley para evitar un trato des-igual entre las partes; para evitar la demora del momento en el que las partes efectivamente saben de la sentencia, y para la “correcta” operación interna de las secretarías de los tribunales. Sin embargo, aún sin contar con la enmienda incorpo-rada por la Ley Núm. 40, supra, ya habíamos indicado que para proteger los dere-chos de la parte afectada por una notificación extremadamente tardía, se entendería que el término comenzó a transcurrir el día en que se cursó la notificación a las partes. íd., pág. 9.