ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| COMISIÓN DE JUEGOS DEL GOBIERNO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>CAMARERO RACE TRACK; SEÑOR LUCAS CASTRO BADIA; **SEÑOR OMAR CARRIÓN**, AGENTE HÍPICO #546<br><br>Recurrente | KLRA202300045 | *Revisión Administrativa* procedente de Comisión de Juegos del Gobierno de Puerto Rico, Junta de Comisionados<br><br>Caso Núm.: NH-21-46<br><br>Sobre: INVESTIGACIÓN bajo la Ley Núm. 199 del 8 de diciembre de 2014, la cual enmienda los Artículos 3, 4, 6 y 9, 12, 14, 15, 16, 19, 20, 26, 27, 28 y 20 de la Ley Núm. 83 del 2 de julio de 1987: Artículo 12 (a) (13) – Facultades del Administrador Hípico; Licencias de Agentes Hípicos, Reglamento 8944 del 6 de abril del 2017, Cap. 9, Art. XXII, 2201 (a) (b) (c) (d) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Jueza Martínez Cordero y el Juez Rivera Colón[1].

Martínez Cordero, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece el señor Omar Carrión (en adelante, el señor Carrión y/o parte recurrente), mediante recurso de *Revisión Administrativa* y solicita que dejemos sin efecto una *Resolución*[2] emitida el 28 de octubre de 2022, notificada el 31 de octubre de 2022 y notificada correctamente[3] a las partes el 27 de diciembre de

---

[1] Mediante Orden Administrativa OATA-2023-050 del 15 de marzo de 2023, se designó al Hon. Felipe Rivera Colón para entender y votar en el caso de epígrafe, en sustitución del Hon. Nery E. Adames Soto.
[2] Apéndice a las págs. 1-8.
[3] El 28 de octubre de 2022 la Junta de Comisionados emitió *Resolución*. Dicha *Resolución* de la Comisión fue notificada el 31 de octubre de 2022. Luego, la notificación se efectuó a las partes el 23 de noviembre de 2022, por correo

Número Identificador

SEN2023_____

2022 por la Comisión de Juegos de Puerto Rico (en adelante, la Comisión y/o parte recurrida). Mediante la misma, la Comisión devolvió la solicitud de licencia de agencia hípica #2412 al Director Ejecutivo de la Comisión para que continuara con los procedimientos de forma compatible con lo resuelto en la *Resolución* y emitiera su determinación denegando o concediendo la licencia solicitada.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *Revisión Administrativa* presentado por el recurrente, por falta de jurisdicción.

## I

El caso que se encuentra ante nuestra consideración comenzó con la presentación de una solicitud de una licencia para la apertura de una nueva agencia hípica #2412, el 6 de noviembre de 2020, a nombre del señor Lucas Castro Badia (en adelante, señor Castro Badia) por medio de la gerente del Sistema de Videojuegos Electrónico de Camarero Race Track Inc., empresa operadora del Hipódromo Camarero.[4] A raíz de ello, el 2 de marzo de 2021, el señor Carrión, dueño de la agencia hípica #546, presentó una carta en oposición, debido a la cercanía del local propuesto con la de su local ya establecido.[5] El 24 de junio de 2021, Camarero recomendó favorablemente al Director del Negociado del Deporte Hípico (en adelante, el Negociado) que se aprobase la solicitud y sometió ante el Negociado de la Comisión la totalidad del expediente levantado por Camarero.[6]

---

electrónico. Sin embargo, por error e inadvertencia el correo electrónico del licenciado Daniel Martínez, representante legal del señor Carrión, al cual se notificó la *Resolución* fue incorrecto. Por ello, el 27 de diciembre de 2022, se notificó nuevamente la *Resolución* y se cursó al correo electrónico del licenciado Martínez.

[4] Apéndice a la pág. 1.

[5] *Id.* Exhibit 3.

[6] Exhibit 4 y 10 de la copia de expediente administrativo presentado el 15 de febrero de 2023.

El 7 de julio de 2021, un inspector de la Oficina de Investigación y Regulación del Negociado realizó una inspección de la agencia hípica #2412 y rindió un informe de la investigación el 14 de julio de 2021.[7] Luego, el 29 de septiembre de 2021, el Director Ejecutivo de la Comisión procedió a emitir la Orden Administrativa Núm. NH-21-46, con el fin de iniciar un proceso de investigación, de conformidad con la autoridad concedida en la Ley de la Industria y el Deporte Hípico de Puerto Rico, Ley Núm. 83 de 2 de julio de 1987.[8] El fin era dilucidar la controversia relacionada con la concesión de solicitud de licencia de agencia hípica #2412 recomendada por Camarero a favor del señor Castro Badia.[9]

En la Orden Administrativa se procedió a designar al licenciado José Martínez Ramos como Juez Administrativo (en adelante, Juez Administrativo), para que se llevara a cabo una investigación a los fines de determinar si procedía la concesión de la licencia de agencia hípica y del sistema de videojuegos a favor del señor Castro Badia.[10] Se les advirtió a las partes que debían comparecer al salón de vistas del Negociado el 21 de octubre de

---

[7] Exhibit 8 y 10 de la copia de expediente administrativo presentado el 15 de febrero de 2023.

[8] Apéndice a la pág. 1. Exhibit 9. Ley de la Industria y el Deporte Hípico de Puerto Rico, Ley Núm. 83 de 2 de julio de 1987, según enmendada, Art. 5 (a) (10), 15 LPRA § 198k.

Artículo 5. — Facultades del Director Ejecutivo. (15 LPRA § 198k)

(a) El Director Ejecutivo será el funcionario ejecutivo y director administrativo de toda la actividad hípica en Puerto Rico y tendrá la facultad, sin que por esto se entienda que queda limitado, para: ...

(10) Delegar, cuando lo estime conveniente, en un oficial examinador, quien deberá ser abogado licenciado, para que reciba prueba en relación con cualquier asunto o querella presentada al Director Ejecutivo. El funcionario así designado podrá tomar juramento de los testigos que comparezcan ante él y deberá rendir un informe al Director Ejecutivo conteniendo sus determinaciones de hechos y conclusiones de derecho. **La parte perjudicada podrá impugnar dicho informe ante el Director Ejecutivo, dentro de los quince (15) días calendario de habérsele notificado con copia del mismo.** El procedimiento ante el Director Ejecutivo seguirá lo dispuesto por la Ley 38-2017, "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". En virtud de la Sección 3.3 de la Ley 38-2017, "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", se permite la designación de jueces administrativos, además de los oficiales examinadores. El jefe de la agencia puede delegar la autoridad de adjudicar a los jueces administrativos, quienes deben ser funcionarios o empleados de la agencia.

... (Énfasis suplido).

[9] Apéndice a la pág. 1.

[10] *Id.*

2021, para prestar testimonio y someter toda la prueba oral y documental como parte de la investigación.[11]

El 1 de noviembre de 2021, Camarero compareció por escrito ante la Comisión y solicitó que se cumpliera con los procedimientos para la determinación sobre la apertura de la nueva agencia hípica.[12] La vista fue celebrada en sus méritos el 26 de abril de 2022.[13]

El 5 de julio de 2022, el Juez Administrativo procedió a emitir una *Resolución*[14] denegando la solicitud de agencia hípica #2412, bajo el fundamento de que no existía un protocolo que estableciera los requisitos para la aprobación de licencias y denegación de agentes hípicos conforme lo establece el Reglamento 8944, Reglamento Hípico Parte General y de Licencias.[15] Dicha *Resolución* se notificó a las partes por correo postal el 11 de julio de 2022.[16]

El 1 de agosto de 2022, el señor Castro Badia presentó un recurso de *Revisión Administrativa*[17] ante la Junta de Comisionados de la Comisión de la *Resolución* del 5 de julio de 2022 emitida por el Juez Administrativo. Por su parte, el 1 de agosto de 2022, Camarero presentó una *Solicitud de Revisión Administrativa* ante la Comisión solicitando la revocación de la *Resolución* del 5 de julio de 2022, emitida por el Juez Administrativo.[18] El 28 de octubre de 2022, la Comisión desestimó sin trámite ulterior el recurso de Revisión Administrativa por ser uno prematuro y por ser la determinación del

---

[11] *Id.*, a las págs. 1-2.
[12] Exhibit 10 y 13.
[13] Exhibit 13.
[14] Exhibit 16.
[15] Apéndice a la pág. 2. Administración de la Industria y el Deporte Hípico – Junta Hípica, Reglamento Hípico – Parte General y de Licencias, Núm. 8944 (6 de abril de 2017).
[16] Exhibit 16. El *correo electrónico* está en el expediente, pero el Exhibit no está enumerado.
[17] La *Revisión Administrativa* se encuentra en el expediente, pero el Exhibit no está enumerado.
[18] La *Solicitud de Revisión Administrativa* se encuentra en el expediente, pero el Exhibit no está enumerado.

Juez Administrativo *ultra vires* a la luz del poder delegado y devolvió la solicitud al Negociado.[19]

Dicha *Resolución* de la Comisión fue notificada el 31 de octubre de 2022.[20] No obstante, y según surge de la evidencia presentada por la parte recurrente, esta no fue notificada correctamente a la parte recurrente hasta el 27 de diciembre de 2022, dado a que previamente le notificaron a su representante legal a una dirección de correo electrónica incorrecta.[21]

Inconforme con dicha determinación, el recurrente presentó un recurso de *Revisión Administrativa* el 26 de enero de 2023 ante esta Curia en el que alega que la Comisión cometió los siguientes errores:

> **PRIMER ERROR:** Erró la Comisión de Juegos de Puerto Rico en emitir una Resolución defectuosa que violenta el debido proceso de ley por poseer serios defectos de notificación.

> **SEGUNDO ERROR:** Erró la Comisión de Juegos de Puerto Rico en redactar una Resolución con sustanciales defectos de notificación que afectan las garantías procesales mínimas con las que debe cumplir toda agencia administrativa.[22]

El 24 de marzo de 2023 compareció ante nos la Comisión a través de una *Moción en Solicitud de Desestimación.*

## II

### A. Falta de Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo

---

[19] Apéndice a la pág. 2.
[20] *Id.*, a la pág. 6.
[21] *Id.*, a la pág. 7.
[22] Recurso de *Revisión Administrativa* a la pág. 5.

que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, 2022 TSPR 99 (2022); *Báez Figueroa v. Administración de Corrección*, 2022 TSPR 52 (2022); *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, 2022 TSPR 34 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Báez Figueroa v. Administración de Corrección*, supra; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra.

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. *MMR Supermarket, Inc. v.*

*Municipio Autónomo de San Lorenzo*, supra. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[23] *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[24], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Revisión judicial

Nuestra Alta Curia ha sostenido que, "el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico". Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las **decisiones, órdenes y resoluciones finales** de las agencias

---

[23] *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).
[24] 4 LPRA Ap. XXII-B, R. 83.

administrativas.[25] (Citas omitidas). (Énfasis nuestro). *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

En su Sección 4.2[26], la Ley Núm. 38 de 30 de junio de 2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (Ley de Procedimiento Administrativo) "instituye un término de treinta días para solicitar la revisión judicial de una **decisión o resolución final de una agencia administrativa**. Este término es de carácter jurisdiccional. Específicamente, la regla provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración según dispone la Sección 3.15" de la Ley de Procedimiento Administrativo. *Id*, pág. 847. (Citas omitidas). (Énfasis nuestro).

A su vez, la Regla 57 del Reglamento de este Tribunal[27] estatuye lo relacionado al término para presentar un recurso de revisión ante este foro apelativo. Dicha regla dispone lo siguiente:

> **Regla 57. Término para presentar el recurso de revisión**
>
> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de **la orden o resolución final del organismo o agencia.** Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo. (Énfasis nuestro).

A pesar de que la Ley de Procedimiento Administrativo no define el término "orden o resolución final", ésta contiene una descripción de lo que tiene que incluir una "orden o resolución final". Además, requiere incluir unas **determinaciones de hecho y las conclusiones de derecho de la decisión y advertir del derecho a**

---

[25] Ley Núm. 201-2003 (4 LPRA sec. 24y(c)).
[26] 3 LPRA sec. 9672.
[27] 4 LPRA Ap. XXII-B, R. 57.

**solicitar una reconsideración.** 3 LPRA sec. 9654. De este lenguaje surge que el término "orden o resolución final" se refiere a las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes. Véase D. Fernández Quiñones, *Derecho Administrativo y la Ley de Procedimiento Administrativo Uniforme*, Colombia, Ed. Forum, 1993, pág. 479. (Énfasis nuestro). *J. Exam. Tec. Med. V. Elías et. al.*, 144 DPR 483, 489-490 (1997).

Por ende, una "orden o resolución final" tiene que ser aquella que pone fin a los procedimientos en un foro determinado. Así concluimos en *Pueblo ex rel. R.S.R.*, 121 DPR 293 (1988). Allí, al interpretar el trámite especial y las definiciones contenidas en la Ley de Menores de Puerto Rico, nuestro Máximo Foro afirmó que una "orden o resolución final" tiene las características de una sentencia en el procedimiento judicial porque "resuelv[e] finalmente la cuestión litigiosa y de la [misma] puede apelarse o solicitarse revisión". (Énfasis suprimido.) *Id.*, pág. 299. También nuestra última instancia judicial aclaró que para que una orden o resolución sea final tiene que resolver todas las controversias y no puede dejar pendiente una para ser decidida en el futuro. *J. Exam. Tec. Med. V. Elías et.al.*, supra. pág. 490.

Por último, el Tribunal Supremo de Puerto Rico ha establecido que el derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia. Además, otorga a las personas cuyos derechos pudieran quedar afectados, la oportunidad para decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24 (1996). El incumplimiento con los requisitos de notificación adecuada establecidos en la LPAU resulta en una notificación defectuosa, por lo que los términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen no

comienzan a transcurrir. 3 LPRA sec. 9654; *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

**III**

Expuesto el marco teórico en derecho, procedemos a resolver, en consideración al mismo. La parte recurrente esgrimió dos (2) errores en su recurso de *Revisión Administrativa*. Sin embargo, como cuestión de umbral, antes de entrar a los méritos del recurso mediante la discusión de los errores señalados, debemos atender el aspecto jurisdiccional. El Tribunal Supremo ha reiterado que el aspecto jurisdiccional es el primer factor por considerar en toda situación jurídica que se presente ante un foro adjudicativo.[28] Esto se debe a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración.[29] **Si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia**.[30] (Énfasis suplido). Es decir, procede la inmediata desestimación del recurso apelativo según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos.[31]

Indubitadamente se desprende de los autos en el presente caso, que nos encontramos impedidos de atender el recurso en cuestión porque el mismo es prematuro. Es decir, previo a entrar en otras consideraciones tales como si la *Resolución* recurrida es una final, como para ser revisable, así como tampoco en cuanto al cumplimiento con el proceso de agotamiento de remedios administrativos requerido en este tipo de procedimiento, tenemos el

---

[28] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo,* 2022 TSPR 99. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).
[29] Torres Alvarado, *Id. Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012). *S.L.G. Szendrey-Ramos v. F. Castillo, supra,* 883.
[30] Torres Alvarado, *Id.*, 501. *Ruiz Camilo v. Trafon Group, Inc., Id.*, 269. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).
[31] Torres Alvarado, *Id. Ruiz Camilo v. Trafon Group, Inc., Id. S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

deber inicial de auscultar nuestra jurisdicción como tribunal revisor. Al revisar los autos, específicamente la *Resolución* recurrida constatamos que la misma adolece de las sacramentales advertencias requeridas por nuestro ordenamiento jurídico para que pueda activarse nuestra jurisdicción.

Según hemos expuesto en el marco legal que antecede, nuestro Alto Foro ha establecido que el derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y la oportunidad para decidir si ejercen los remedios que la ley les confiere para acudir en revisión judicial. De esa notificación adecuada es de lo que carece la *Resolución* recurrida. Por tanto, ante la falta de dichas advertencias, este foro revisor se encuentra impedido de considerar el recurso presentado, por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, solo podemos declararnos sin jurisdicción, por lo que se desestima el recurso presentado, por ser uno prematuro.

Lo aquí resuelto no impide que la parte recurrente comparezca ante este foro nuevamente, una vez el foro recurrido haya notificado adecuadamente su determinación.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones